KEITH v DEPARTMENT OF TREASURY

Docket No. 109490. Submitted March 21, 1989, at Lansing. Decided
    July 28, 1989.

 Petitioner, Lee G. Keith, the former vice president, secretary and
general sales manager of Metro GMC Truck Center, Inc., which
ceased business operations on March 19, 1982, was held by the
Michigan Tax Tribunal to be personally liable for a sales tax
deficiency assessment against Metro for the tax periods ending
December, 1981, and March, 1982, and the first sixteen days in
April, 1982. Petitioner appealed, and the Court of Appeals
upheld the personal assessment for the period ending Decem-
ber, 1981, but remanded for a determination whether for the
period ending March, 1982, and the first sixteen days of April,
1982, notice, mailed on September 17, 1982, to Metro at its
former business address, was proper. On remand, the Tax
Tribunal determined that the notice was proper notice of
assessment against the corporation. Petitioner appealed.

 The Court of Appeals *held:*

 Statutory notice provisions regarding tax deficiency assess-
ments are designed to provide due process of law, the purpose
being to provide the taxpayer with notice that a deficiency
assessment has been levied for certain taxes and to afford the
taxpayer an opportunity to contest it. The due process test
concerning notice is whether the means chosen to serve notice
are reasonably calculated to reach the party and not whether
notice is actually received. The notice sent was reasonably
calculated to reach the corporation.

 Affirmed.

TAXATION — NOTICE OF DEFICIENCY ASSESSMENT.

 Statutory notice provisions regarding tax deficiency assessments
are designed to provide due process of law, the purpose being to
provide the taxpayer with notice that a deficiency assessment
has been levied for certain taxes and to afford the taxpayer an
opportunity to contest it; the due process test concerning notice

REFERENCES
Am Jur 2d, State and Local Taxation §§ 782-785.
See the Index to Annotations under Due Process; Taxes.

is whether the means chosen to serve notice are reasonably calculated to reach the party and not whether notice is actually received.

*Hill, Lewis, Adams, Goodrich & Tait* (by *Jimm F. White* and *Charles H. Polzin*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *E. David Brockman* and *Shirley L. Palardy,* Assistant Attorneys General, for respondent.

Before: MACKENZIE, P.J., and HOOD and GRIBBS, JJ.

PER CURIAM. Petitioner Lee G. Keith appeals as of right from a Michigan Tax Tribunal decision following this Court's remand in *Keith v Dep't of Treasury,* 165 Mich App 105; 418 NW2d 691 (1987). The Tax Tribunal concluded that Keith's bankrupt corporation had been given adequate notice of a sales tax assessment. We affirm.

Keith was the vice president, secretary, and general sales manager of Metro GMC Truck Center, Inc. Metro ceased business operations on March 19, 1982, and executed a petition in bankruptcy on April 16, 1982. A trustee in bankruptcy thereupon took over management of Metro's assets. Metro had failed to file a return or pay its sales taxes for the tax periods ending December, 1981, and March, 1982, and for the first sixteen days of April, 1982.

Pursuant to MCL 205.24(1); MSA 7.657(24)(1), when a taxpayer does not timely file a return or pay a tax, the Department of Treasury must assess the tax and notify the taxpayer of the amount of the assessment. In this case, a notice of final assessment for the tax period ending December, 1981, was sent to Metro on March 1, 1982. A

notice of final assessment for the tax period ending March, 1982, and the first sixteen days of April, 1982, was issued to Metro on September 17, 1982, and sent to its former business address. Metro did not contest these assessments within the statutory appeal period. See MCL 205.22; MSA 7.657(22). Subsequently, the Treasury Department sought to hold Keith personally liable for the deficiencies, based on his status as a responsible corporate officer. See MCL 205.65(2); MSA 7.536(2).

In 1985, the Tax Tribunal found that Keith was a corporate officer personally liable for Metro's unpaid sales tax for the periods in question. This Court affirmed that determination in *Keith, supra.* See 165 Mich App 108-109. The Tax Tribunal also found that Keith could not contest the amount of the sales tax liability because Metro did not contest the assessments within the statutory appeal period. Keith challenged this determination on the ground that he had not been properly notified of the assessments. In *Keith, supra,* this Court held that, because a corporate officer's personal tax liability pursuant to MCL 205.65(2); MSA 7.536(2) is derivative of the corporation, proper notice to the corporation would serve as proper notice to corporate officers personally. 165 Mich App 110. This Court found competent, material, and substantial evidence that Metro, and thus Keith, received proper notice of the assessment for the tax period ending December, 1981. 165 Mich App 111. Consequently, Keith's liability for the sales taxes owed for that period was upheld. This Court then remanded to the Tax Tribunal for a determination whether the September 17, 1982, notice of final assessment issued to Metro, covering the tax period ending March, 1982, and the first sixteen days of April, 1982, constituted proper notice. 165 Mich App 112.

On remand, the Tax Tribunal concluded that, based on correspondence related to Metro's bankruptcy petition, Keith had actual notice in July, 1982, that the March and April sales taxes had not been paid. The tribunal further concluded that the September 17, 1982, notice to Metro constituted proper notice of an assessment against the corporation. The Tax Tribunal therefore upheld its 1985 order assessing petitioner for the corporation's unappealed tax assessment. In this appeal, Keith contends that the Tax Tribunal's finding of actual notice is not supported by the evidence. Keith further contends that the tribunal erred in concluding that the notice sent to the defunct corporation was proper.

Contrary to Keith's first contention, the record supports a finding that by July, 1982, Keith was on notice that the March and April sales taxes were unpaid. At that time, Keith received a copy of a letter from Metro's bankruptcy attorney. In that letter, Metro's attorney enclosed a request—issued by the Department of Treasury's tax collection enforcement division—for Metro's March and April sales tax returns. Even a cursory reading of this letter would inform Keith that the March and April sales tax had not been paid. Nevertheless, the question, whether Keith knew that Metro had failed to pay its sales tax, is not dispositive here. Under the statutory notice provision of MCL 205.24(1); MSA 7.657(24)(1), the relevant inquiry is whether the department properly notified Metro or Keith that a tax had been assessed against Metro. Keith maintains it did not.

As noted in *Keith, supra,* p 109, the statutory notice provision of MCL 205.24(1); MSA 7.657(24)(1) is designed to provide due process of law, the purpose being to provide the taxpayer with notice that a deficiency assessment has been

levied for certain taxes and to afford the taxpayer an opportunity to contest it. The due process test concerning notice is whether the means chosen to serve notice are reasonably calculated to reach the party and not whether notice is actually received. *Id.*

Here, the Tax Tribunal found that the September 17, 1982, notice sent to the former corporate address was reasonably calculated to reach the corporation because the July Treasury Department request for Metro's tax returns, addressed to the same corporate address as the September 17, 1982, notice, had reached the corporate attorney and Keith. The Tax Tribunal further noted that the Treasury Department sent the notice to the last known address for the corporation and that it was the corporation's responsibility to inform the department of any change in the corporation's address. It had not done so.

These findings are supported by both the record and sound judgment. The conclusion that the notice sent to the last known address for the corporation was reasonably calculated to reach the corporation is reasonable regardless of to whom the July request for tax returns may have been addressed. Although respondent had been informed that the corporation had filed bankruptcy and was no longer open for business, these facts do not render it unreasonable to assume that a notice addressed to the corporate address would reach the trustee in bankruptcy or someone responsible for the corporation's affairs. Although a corporation may abruptly cease business, the winding up of a corporation's affairs is a more lengthy process and it is reasonable to assume that someone responsible for the corporate affairs is receiving mail addressed to the former corporate address six months after the closing of the corporation's busi-

ness operations. Because the Tax Tribunal's conclusion that the September 17, 1982, notice to the corporation constituted proper notice is supported by the evidence, we affirm.

Affirmed.