## KEITH v DEPARTMENT OF TREASURY

Docket No. 87675. Submitted October 3, 1986, at Detroit. Decided December 9, 1987.

Petitioner, Lee G. Keith, the former vice-president, secretary and general sales manager of Metro GMC Truck Center, Inc., which ceased business operations on March 19, 1982, was held by the Michigan Tax Tribunal to be personally liable for a sales tax deficiency assessment against Metro for the tax periods of December, 1981, March, 1982, and the first sixteen days in April, 1982. Petitioner appealed.

The Court of Appeals *held:*

1. There was ample evidence to support the Tax Tribunal's determination that Keith was a responsible corporate officer within the meaning of MCL 205.65(2); MSA 7.536(2), and, therefore, that he was personally liable for Metro's unpaid sales tax liability.

2. The Tax Tribunal's determinations that Keith was liable for the amount owed by Metro for the tax period of December, 1981, and that Keith could not contest the amount of liability were not error.

3. The facts do not indicate whether the notice of final assessment covering the tax periods of March, 1982, and the first sixteen days of April, 1982, constituted proper notice to Keith and Metro for those periods. Therefore, this matter is remanded for further consideration. If the tribunal finds proper notice was not given, the tribunal shall consider Keith's challenge to the amount of assessment for those periods.

Affirmed in part and remanded.

1. Tᴀxᴀᴛɪᴏɴ — Cᴏʀᴘᴏʀᴀᴛɪᴏɴs — Pᴇʀsᴏɴᴀʟ Lɪᴀʙɪʟɪᴛʏ ᴏf Officers.

The Department of Treasury, in order to hold an individual

Rᴇfᴇʀᴇɴᴄᴇs

Am Jur 2d, Sales and Use Taxes §§ 155-157.

When are persons other than owners, directors, officers, and employees potentially liable for penalties under IRC sec. 6672 (26 USCS sec. 6672), concerning failure to collect and pay over tax. 84 ALR Fed 170.

Retailer's or buyer's defenses against exaction of penalties for failure to file, or deficiency in, state or local sales-tax return. 20 ALR4th 952.

personally liable for a corporation's tax liability under the General Sales Tax Act, must show that the individual is an officer of the corporation and either (1) that the officer has control over the preparing of the corporation's tax returns and the payment of taxes, or (2) that the officer supervises the preparing of the corporation's tax returns and payment of taxes, or (3) that the officer is charged with the responsibility of preparing the corporation's tax returns and payment of taxes (MCL 205.65[2]; MSA 7.536[2]).

2. TAXATION — SALES TAX — NOTICE OF DEFICIENCY ASSESSMENT.

The Department of Treasury is obligated to give notice of a deficiency assessment to a taxpayer who does not file a sales tax return (MCL 205.24; MSA 7.657[24]).

3. TAXATION — NOTICE OF DEFICIENCY ASSESSMENT.

Statutory notice provisions regarding tax deficiency assessments are designed to provide due process of law, the purpose being to provide the taxpayer with notice that a deficiency assessment has been levied for certain taxes and to afford the taxpayer an opportunity to contest it; a defect in formal notice does not violate due process if notice was in fact given; the due process test concerning notice is whether the means chosen to serve notice are reasonably calculated to reach the party, and not whether notice is actually received.

4. TAXATION — CORPORATIONS — TAX ASSESSMENTS — APPEAL.

It can reasonably be expected that proper notice to a corporation of a final tax assessment issued to the corporation will reach the responsible corporate officer; a responsible corporate officer who fails to contest the tax assessment on behalf of the corporation within the time provided therefore may not thereafter contest the amount of the assessment when he is personally assessed for the tax (MCL 205.22, 205.65[2]; MSA 7.657[22], 7.536[2]).

5. TAXATION — TAX TRIBUNAL — OPINIONS OF TAX TRIBUNAL.

Opinions by the Tax Tribunal must include a concise statement of facts and conclusions of law (MCL 205.751; MSA 7.650[51]).

*Hill, Lewis, Adams, Goodrich & Tait* (by *Jimm F. White* and *Charles H. Polzin*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *E. David Brockman*

and *Shirley L. Palardy,* Assistant Attorneys General, for respondent.

Before: BEASLEY, P.J., and J. H. GILLIS and M. E. DODGE,* JJ.

PER CURIAM. Petitioner, Lee G. Keith, appeals as of right from a Michigan Tax Tribunal decision upholding a sales tax deficiency assessment against Keith, the former vice-president, secretary and general sales manager of Metro GMC Truck Center, Inc., a defunct corporation, for the tax periods of December, 1981, March, 1982, and the first sixteen days of April, 1982.

This Court's review of the Tax Tribunal's decision is limited to determining whether the decision is authorized by law and whether it is supported by competent, material, and substantial evidence on the whole record. *Peterson v Dep't of Treasury,* 145 Mich App 445, 449; 377 NW2d 887 (1985); *MCI Telecommunications Corp v Dep't of Treasury,* 136 Mich App 28, 30; 355 NW2d 627 (1984), lv den 422 Mich 883 (1985); Const 1963, art 6, § 28. "Substantial evidence" must be more than a scintilla of evidence, though it may be substantially less than a preponderance of the evidence necessary in most civil cases. *Mid America Management Corp v Dep't of Treasury,* 153 Mich App 446, 460; 395 NW2d 702 (1986).

Petitioner first argues that the Tax Tribunal erred in finding that he was a responsible corporate officer within the meaning of MCL 205.65(2); MSA 7.536(2), and thus personally liable for Metro's unpaid sales tax for the periods in question. MCL 205.65(2); MSA 7.536(2) provides in pertinent part:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

> If a corporation licensed under this act fails for any reason to file the required returns or to pay the tax due, any of its officers having control, or supervision of, or charged with the responsibility for making such returns and payments shall be personally liable for such failure. The dissolution of a corporation shall not discharge an officer's liability for a prior failure of the corporation to make a return or remit the tax due.

Our Supreme Court has characterized the above-quoted statutory provision as imposing a penalty on corporate officers for noncompliance with the General Sales Tax Act, MCL 205.51 *et seq.;* MSA 7.521 *et seq. Detroit Hilton Limited Partnership v Dep't of Treasury,* 422 Mich 422, 429; 373 NW2d 586 (1985). Tax has been defined in the act to include tax, interest, and penalties levied under the act. MCL 205.51(1)(l); MSA 7.521(1)(l). In order to hold an individual personally liable for a corporation's tax liability under the statute, the Department of Treasury must show that the individual is an officer of the corporation and either (1) that the officer has control over the preparing of the corporation's tax returns and the payment of taxes, or (2) that the officer supervises the preparing of the corporation's tax returns and payment of taxes, or (3) that the officer is charged with the responsibility of preparing the corporation's tax returns and payment of taxes. *Peterson, supra,* p 450.

In the instant case, it is undisputed that Keith was an officer of Metro. Keith argues that he was not responsible for preparing sales tax returns and paying the tax. However, there was ample evidence to support the Tax Tribunal's determination that Keith was a responsible officer within the meaning of the statute. Keith was listed on Metro's application for registration with the Department of Treasury as the officer in control of or

charged with the responsibility of preparing Michigan tax returns. Keith participated in business decisions, attended meetings, and was kept informed with regard to Metro's financial problems. Keith would also provide signatory approval for sales tax remittances when Edwin Garvin, Metro's president and treasurer, was not available. The Tax Tribunal did not err in finding that Keith, as a responsible officer of the corporation, was personally liable for Metro's unpaid sales tax liability.

Next, Keith argues that the Tax Tribunal erred in determining that Keith, as a matter of law, was not entitled to contest the amount of the sales tax liability. In the instant case, the Tax Tribunal ruled that petitioner was not able to contest the amount of the sales tax liability because Metro had failed to contest the amount of the assessment pursuant to MCL 205.22; MSA 7.657(22). Metro's failure to contest the amount of the assessment resulted in the assessment's becoming final upon the expiration of the appeal period.

At issue in this case is whether Metro and Keith received proper notice of the final assessment. Pursuant to MCL 205.24; MSA 7.657(24), the Department of Treasury is obligated to give notice of a deficiency assessment to a taxpayer who does not file a sales tax return. Statutory notice provisions are designed to provide due process of law, the purpose being to provide the taxpayer with notice that a deficiency assessment has been levied for certain taxes and to afford the taxpayer an opportunity to contest it. A defect in formal notice does not violate due process if notice was in fact given. *Auer v Dep't of Treasury,* 137 Mich App 353, 357; 357 NW2d 696 (1984). The due process test concerning notice is whether the means chosen to serve notice are reasonably calculated to reach the party, and not whether notice is actually received.

*Krueger v Williams,* 410 Mich 144; 300 NW2d 910 (1981).

Keith's liability for Metro's unpaid sales tax liability arises as a result of Metro's failure to file the required tax return or to pay the tax due. MCL 205.65(2); MSA 7.536(2). A corporate officer's tax liability under the statute is clearly derivative in nature. Furthermore, because only those corporate officers who are responsible for the preparing of sales tax returns and the payment of taxes may be held personally liable for the corporation's unpaid tax liability and such an officer should be privy to the information contained in the notice of final assessment issued to the corporation, it follows that proper notice to the corporation can be reasonably expected to reach the corporate officers. A reasonable corporate officer who receives notice of a tax assessment against a corporation would be expected to pursue any contest of the amount of the assessment on behalf of the corporation. If a corporate officer fails to contest the tax on behalf of the corporation, it does not violate due process to thereafter deny the corporate officer the right to contest the amount of the tax when he is personally assessed for the tax. It would be incongruous to find that a corporation's sales tax liability is final as to the corporation, and yet allow a responsible corporate officer to contest individually the amount of the sales tax liability.

In the instant case, there were three separate notices of final assessment sent to Metro or Keith. On March 1, 1982, a notice of final assessment for the tax period of December, 1981, was sent to Metro. A notice of final assessment covering the tax period of March, 1982, and the first sixteen days of April, 1982, was issued to Metro on September 17, 1982. Finally, on January 24, 1983, the Department of Treasury issued a notice of final

assessment to Keith on the basis of corporate officer liability covering the tax periods of December, 1981, March, 1982, and the first sixteen days of April, 1982.

The Tax Tribunal found that Metro received proper notice with respect to the March 1, 1982, notice of final assessment issued for the tax period of December, 1981. The record indicates that Metro ceased business operations on March 19, 1982, when one of its creditors obtained an injunction to prevent dissipation of Metro's assets. The March 1, 1982, notice of final assessment was mailed to Metro at its business address some two weeks prior to Metro's closing. Therefore, the Tax Tribunal's determination that Metro received proper notice is supported by competent, material, and substantial evidence. Metro failed to contest the amount of the assessment; therefore, upon expiration of the appeal period, the amount of the assessment became final as to both Metro, the principal debtor, and Keith, who was derivatively liable. Consequently, the Tax Tribunal's determinations, that Keith was liable for the $158.65 owed by Metro for the tax period of December, 1981, and that Keith could not contest the amount of liability, were not in error.

The Tax Tribunal did not specifically address whether the September 17, 1982, notice of final assessment which covered the tax periods of March, 1982, and the first sixteen days of April, 1982, constituted proper notice. In reviewing the record, it does not appear that the Tax Tribunal realized that the September 17, 1982, notice of final assessment covered a different tax period than the March 1, 1982, notice of final assessment. The September 17, 1982, notice of final assessment was issued six months after Metro ceased business operations and five months after Metro filed a

petition in the United States Bankruptcy Court. The record indicates that a trustee in bankruptcy had taken over management of Metro's assets. Additionally, the notice of final assessment was mailed to Metro's former business address. From these facts we are unable to determine whether the September 17, 1982, notice of final assessment constituted proper notice.

The Tax Tribunal's opinion must include a concise statement of facts and conclusions of law. MCL 205.751; MSA 7.650(51); *Granader v Southfield Twp,* 145 Mich App 585, 588; 377 NW2d 893 (1985). Since it is unclear from the Tax Tribunal's opinion and judgment whether the tribunal found that the September 17, 1982, notice of assessment constituted proper notice as to Metro and Keith for the tax periods of March, 1982, and the first sixteen days of April, 1982, we remand this matter to the Tax Tribunal for further consideration. If the tribunal finds that the September 17, 1982, notice of assessment constitutes proper notice, then the tribunal's determination that Keith is liable for the $9,788.67 owed by Metro for the tax periods of March, 1982, and the first sixteen days of April, 1982, is affirmed. Should the tribunal determine that the September 17, 1982, notice of assessment did not constitute proper notice, then the tribunal is directed to consider Keith's challenge to the amount of the assessment for the tax periods of March, 1982, and the first sixteen days of April, 1982.

Affirmed in part and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

The Tax Tribunal is ordered to take this mattter up for consideration within sixty days of the date of receipt of this opinion.