LIVINGSTONE v DEPARTMENT OF TREASURY

Docket No. 95858. Submitted March 14, 1988, at Detroit. Decided June 7, 1988. Leave to appeal applied for.

The Michigan Department of Treasury issued a notice of intent to assess the St. Clair Rubber Company for use taxes for the taxable period from July 1, 1978, through June 30, 1981. St. Clair appealed from the assessment to a treasury hearing referee who determined a deficiency against St. Clair for the period in question. When St. Clair did not appeal from the referee's decision, the Department of Treasury issued notices of final assessment against Seabourn S. Livingstone, the sole owner, chairman of the board of directors, and treasurer of the corporation, and Gordon H. Wood, the secretary who kept the minutes for the corporation. The assessed officers challenged the assessments on the grounds that they were not personally liable and that the statute of limitations barred the assessments. The Tax Tribunal cancelled the assessment against Wood, affirmed the assessment against Livingstone and determined that the statute of limitations did not bar the assessment. Livingstone appealed from the tribunal's judgment as of right.

The Court of Appeals *held:*

The officer's liability arises after the corporation fails to pay the tax due. It is the corporation which is primarily liable, the corporate officer's liability is secondary. Thus, Livingstone's liability for the unpaid corporate tax is not, as claimed by Livingstone, separate and distinct from the assessment against the corporation. The corporate officer may not raise a separate and distinct period of limitations as a defense. The corporation's failure to contest the amount of the assessment within the statutory period resulted in the assessment's becoming final upon the expiration of the appeal period.

Affirmed.

REFERENCES

Am Jur 2d, Corporations §§ 1867 *et seq.*

Am Jur 2d, Sales and Use Taxes §§ 232 *et seq.*

See the Index to Annotations under Corporate Officers, Directors, and Agents; Personal Liability; Sales and Use Taxes.

1. TAXATION — CORPORATE OFFICERS — USE TAXES — LIMITATION OF
    ACTIONS.

    A corporation's officers having control, supervision of, or charged
with the responsibility for making the corporation's use tax
returns become personally liable once an assessment for unpaid
use taxes against the corporation becomes final and the corpo-
ration fails to remit the taxes due; the officer's liability for the
unpaid corporate tax is not separate and distinct from the
assessment against the corporation and the officer may not
raise a separate and distinct period of limitations as a defense
(MCL 205.96[3]; MSA 7.555[6][3]).

2. TAXATION — APPEAL — TAX ASSESSMENTS.

    A corporation's failure to contest the amount of a tax assessment
within the statutory period provided therefor results in the
assessment's becoming final upon the expiration of the appeal
period (MCL 205.22; MSA 7.657[22]).

*Bodman, Longley & Dahling* (by *Michael B. Lewiston* and *Christopher J. Dine*), for Seabourn S. Livingstone.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *E. David Brockman* and *Shirley L. Palardy,* Assistant Attorneys General, for the Department of Treasury.

Before: WAHLS, P.J., and R. M. MAHER and G. S. ALLEN,* JJ.

G. S. ALLEN, J. This matter of first impression involves petitioner's personal liability to pay unpaid use taxes owed by the St. Clair Rubber Company, a corporation of which petitioner was the sole owner, chairman of the board of directors and treasurer. The assessments, issued against petitioner on July 27, 1984, cover the three-year tax period from July 1, 1978, through June 30, 1981. The amount involved is $9,053.18 in taxes and $3,161.22 in interest, for a total of $12,214.40.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

On December 10, 1981, the Michigan Department of Treasury issued a notice of intent to assess St. Clair Rubber Company for use taxes for the taxable period July 1, 1978, through June 30, 1981. The corporation timely appealed the assessment to a treasury hearing referee, who on July 12, 1982, determined a deficiency against St. Clair for the period in question. When St. Clair did not appeal the referee's decision, the Department of Treasury issued notices of final assessment against Seabourn S. Livingstone and Gordon H. Wood, individually.

Both assessed officers of the corporation challenged the assessments on grounds that they were not personally liable for unpaid use taxes of the corporation. A hearing on the challenge was held before the Michigan Tax Tribunal in October, 1985, at which Livingstone stated that during the period at issue he was the sole owner, chairman of the board of directors, and treasurer of the corporation. Wood testified that he had no active part in the running of the day-to-day operations of the corporation, that although he was the secretary who kept the minutes all of them signed by him were prepared by other persons, and that he had no authority to direct the payment of taxes. Livingstone and Wood also claimed the assessment against them was barred by the statute of limitations.

On September 23, 1986, the Tax Tribunal issued its opinion and judgment cancelling the assessment against Wood and affirming the assessment against Livingstone. As to the statute of limitations, the tribunal found:

> Because the corporate officer's liability for the overdue tax is derivative in nature, the corporate officer is bound by the oscitancy of the corporation.

Petitioners, therefore cannot raise the statute of limitations bar and exemption claim, nor challenge the method of computation once the assessment is final. The position of primary or secondary debtor has no affect on the right of the Petitioners to challenge the makeup of the assessment. The finality of the assessment is the factor which establishes a bar to such a challenge.

In support of this finding, the tribunal relied on *Metro GMC Truck Center, Inc v Dep't of Treasury*, 4 MTTR 54 (Docket No. 74377, September 6, 1985), and *Rowland v Collins*, 48 Ohio St 2d 311; 358 NE2d 582 (1976). From this judgment, Livingstone appeals as of right.

On appeal petitioner does not contest the tribunal's finding that he was a corporate officer "having control, or supervision of, or charged with the responsibility" for filing the required tax returns. Instead, petitioner raises the defense that, since the only deficiency assessed against him was on July 27, 1984, the four-year statutory period of limitations protects him against any corporate tax deficiency occurring prior to July 27, 1980. According to petitioner, the statute of limitations is a defense which is personal to the officer, is distinct and separate from the statute of limitations which the corporation may raise, and any holding to the contrary would unfairly expose corporate officers to tax liability claims in perpetuity. Stated another way, petitioner claims that the deficiency notice and assessments timely issued against St. Clair on December 10, 1981, do not toll the period of limitations with respect to petitioner.

The respondent argues that, because petitioner's liability is strictly derivative, the controlling date is not the date of assessment on petitioner on July 27, 1984, but is the date of assessment against St. Clair on December 10, 1981, and, since issuance of

a notice of intent to assess tolls the period of limitations pending final determination of the tax, MCL 205.100(4); MSA 7.555(10)(4), St. Clair, and in turn Livingstone, are assessable for all use taxes due and unpaid since December 10, 1977.

Neither *Metro GMC Truck Center, Inc,* nor *Rowland, supra,* relied upon by the tribunal as authority for finding Livingstone liable for St. Clair's unpaid taxes, addressed the statute of limitations as a defense. Thus, the issue raised in the instant case is of first impression.

By statute, once an assessment for unpaid taxes against a corporation becomes final and the corporation fails to remit the taxes due, any of the corporation's officers having control, supervision of, or charged with the responsibility for making the tax returns shall become personally liable.

> If a corporation licensed under this act fails for any reason to file the required returns or to pay the tax due, any of its officers having control, or supervision of, or charged with the responsibility for making the returns and payments shall be personally liable for the failure. [MCL 205.96(3); MSA 7.555(6)(3).]

When issuing the initial assessment respondent does not have the election to first assess the corporate officer. Under § 6(3), the corporate officer is assessed *if a corporation fails to file the required returns or to pay the tax due.* If respondent were to assess the corporate officer first, the officer could properly defend on grounds that the liability was incurred by the corporation. The officer's liability arises *after* the corporation fails to pay the tax due. It is the corporation which is primarily liable, the corporate officer's liability is secondary. Thus, petitioner's liability for the unpaid corporate tax is

not, as claimed by petitioner, separate and distinct from the assessment against the corporation.

Having decided that the responsible corporate officer's liability is not separate and distinct from that of the corporation, it necessarily follows that the corporate officer may not raise a separate and distinct period of limitations as a defense. To hold otherwise would convert that which is derivative into that which is nonderivative. The flaw in petitioner's argument is the assumption that unless a corporate officer may raise as a defense the period of limitations commencing with the date the officer is personally assessed for the corporate liability the officer will be exposed to stale claims and denied due process of law. However, the formal notice to Livingstone on July 27, 1984, was not the first notice to him that unpaid taxes were due. While it well may have been the first notice to corporate officer H. Gordon Wood, it certainly was not, or should not have been, the first notice to Livingstone. Under the statute, only officers "having control, or supervision of, or charged with the responsibility" for filing the required tax returns are made derivatively liable. Thus, the statute itself provides due process protection from stale claims. Separate notice of an unfiled return or an unpaid tax is not required when the officer by his responsible corporate position already knows, or should know, that the tax has not been paid.

Our conclusion that the officer may only raise the defenses available to the corporation is reinforced by this Court's decision when the responsible corporate officer found liable by the Tax Tribunal in *Metro GMC Truck Center, Inc, supra,* appealed to this Court. *Keith v Dep't of Treasury,* 165 Mich App 105; 418 NW2d 691 (1987). On appeal, Keith, the former vice-president, secretary and general sales manager of the corporation,

argued, inter alia, that he had not received proper notice of the final assessment of unpaid taxes against the corporation. This Court held:

> Keith's liability for Metro's unpaid sales tax liability arises as a result of Metro's failure to file the required tax return or to pay the tax due. MCL 205.65(2); MSA 7.536(2). A corporate officer's tax liability under the statute is clearly derivative in nature. Furthermore, *because only those corporate officers who are responsible for the preparing of sales tax returns and the payment of taxes may be held personally liable for the corporation's unpaid tax liability and such an officer should be privy to the information contained in the notice of final assessment issued to the corporation, it follows that proper notice to the corporation can be reasonably expected to reach the corporate officers.* A reasonable corporate officer who receives notice of a tax assessment against a corporation would be expected to pursue any contest of the amount of the assessment on behalf of the corporation. *If a corporate officer fails to contest the tax on behalf of the corporation, it does not violate due process to thereafter deny the corporate officer the right to contest the amount of the tax when he is personally assessed for the tax.* It would be incongruous to find that a corporation's sales tax liability is final as to the corporation, and yet allow a responsible corporate officer to contest individually the amount of the sales tax liability. [*Keith, supra,* p 110.]

Although the issue in *Keith* concerned notice rather than the period of limitations, this Court's reasoning belies petitioner's claim that he would be exposed to stale claims if he were denied the defense of a separate period of limitations. Here, as in *Keith,* the corporation's failure to contest the amount of the assessment within the statutory period, MCL 205.22; MSA 7.657(22), resulted in the

assessment's becoming final upon the expiration of the appeal period. So too, it would be incongruous to find that the corporation's use tax liability is final as to the corporation, and yet permit a responsible corporate officer to contest the amount of the use tax liability, individually.

Affirmed. No costs, a question of public importance being involved.