LOPEZ v LOPEZ

Docket No. 118787. Submitted April 10, 1991, at Grand Rapids. Decided October 8, 1991, at 9:00 A.M.

Deborah R. Lopez brought an action in the Kent Circuit Court, seeking a divorce from Peter Lopez. The defendant then filed personal bankruptcy under Chapter 13 of the United States Bankruptcy Code. When the plaintiff failed to appear for trial, the court, Dennis B. Leiber, J., entered a judgment of divorce. The plaintiff moved to have the property settlement portion of the judgment set aside, contending that the court's actions violated the automatic stay of proceedings, under 11 USC 362, activated by the defendant's filing of the bankruptcy petition. The motion was denied, and the plaintiff appealed.

The Court of Appeals *held:*

The stay of proceedings under the bankruptcy act is intended to protect both debtors and creditors. However, the automatic stay is not intended to be used as a weapon by creditors to the detriment of the estate of the debtor. If the debtor or the trustee in bankruptcy of the debtor's estate choose not to invoke the protections of § 362, no other party may attack acts in violation of the stay. Because the defendant debtor or the trustee in bankruptcy of his estate did not object to the proceedings, the plaintiff did not have standing to assert the automatic stay provision and could not use it to block the actions of the trial court.

Affirmed.

*Varnum, Riddering, Schmidt & Howlett* (by *Thomas J. Mulder*), for the plaintiff.

*Lawson & Marcus* (by *Thomas A. Lawson*), for the defendant.

Before: JANSEN, P.J., and MICHAEL J. KELLY and BRENNAN, JJ.

PER CURIAM. On June 16, 1987, plaintiff filed a

complaint for divorce. The divorce trial originally scheduled to be held on February 18, 1988, was rescheduled for June 30, 1988. However, on April 22, 1988, defendant filed for personal bankruptcy under Chapter 13 of the United States Bankruptcy Code, 11 USC 1301 *et seq.* Plaintiff failed to appear for the June 30, 1988, trial, and it was rescheduled for December 29, 1988. On December 29, 1988, plaintiff and counsel failed to appear, and the trial court entered a judgment, of divorce. On January 18, 1989, plaintiff moved to set aside the property settlement portion of the judgment, alleging that the trial court's actions violated the automatic stay of proceedings under 11 USC 362 activated by defendant's bankruptcy petition. On May 8, 1989, the trial court denied plaintiff's motion, finding that the stay of proceedings under the bankruptcy act is for the benefit of the debtor who had the right to proceed in the divorce action if he so chose. Plaintiff appeals as of right. We affirm.

11 USC 362 provides that the filing of a petition "operates as a stay, applicable to all entities, of the commencement or continuation [of an action] or proceeding against the debtor that was or could have been commenced before the commencement of the case under [11 USC 101 *et seq.*], or to recover a claim against the debtor that arose before the commencement of the case under [11 USC 101 *et seq.*]." The automatic stay applies to enforcement of judgments, liens, or other attempts to recover a claim against the debtor.

The purpose of the automatic stay provision is to protect both debtors and creditors. Debtors are insulated from further collection efforts, harassment, and foreclosure actions while formulating a repayment plan. Creditors are ensured orderly liquidation proceedings and equality of treatment. See *In re Bennett,* 29 Bankr 380 (WD Mich, 1981).

However, the automatic stay is not intended to be used as a weapon by creditors to the detriment of the estate. *In re Silverman,* 42 Bankr 509, 516 (SD NY, 1984). The bankruptcy court in *In Re Fuel Oil Supply & Terminaling, Inc,* 30 Bankr 360, 362 (ND Texas, 1983), summarized the effects of the automatic stay provision:

> The automatic stay is for the benefit of the debtor and if it chooses to ignore stay violations other parties cannot use such violations to their advantage. Moreover, the characterization of every violation of § 362 as being absolutely void is inaccurate and overly broad. . . . More accurately, stay violations may be voidable at the debtor's or trustee's instance rather than absolutely void.

If the debtor and trustee choose not to invoke the protections of § 362, no other party may attack acts in violation of the stay. *In re Brooks,* 79 Bankr 479, 481 (CA 9, 1987).

Since defendant debtor and the trustee in bankruptcy of defendant's estate did not object to the proceedings, plaintiff cannot use the automatic stay provisions to block the actions at the trial court level. Plaintiff does not have standing to assert the automatic stay provision. The trial court did not abuse its discretion in denying plaintiff's motion to set aside the property settlement portion of the divorce judgment.

Affirmed.