STACKPOOLE v DEPARTMENT OF TREASURY

Docket No. 126721. Submitted May 8, 1991, at Detroit. Decided May 4, 1992, at 9:35 A.M.

> Robert Stackpoole, a corporate officer of Warrior Petroleum, Ltd., petitioned the Michigan Tax Tribunal for review of a Department of Treasury assessment against him personally for sales taxes, interest, and penalties owed by Warrior Petroleum. Stackpoole denied personal liability, arguing that the original notices of final assessment against Warrior Petroleum had been issued while a bankruptcy stay was in effect pursuant to a chapter 11 petition by Warrior Petroleum. The tribunal affirmed the assessment against Stackpoole, and he appealed.

> The Court of Appeals *held:*

> 1. A governmental unit may not collect taxes or create a lien while a bankruptcy stay is in effect. 11 USC 362(a). However, such a stay does not prevent the governmental unit from issuing a notice of tax deficiency. 11 USC 362(b)(9). In this case, the issuance of notices of final assessment against Warrior Petroleum was not an act to create, perfect, or enforce a lien against it for unpaid sales taxes because the liens for those taxes attached on the dates when the sales tax returns were due but not filed. MCL 205.29(1); MSA 7.657(29)(1). The notices of final assessment therefore were notices of tax deficiency, whose issuance did not violate the bankruptcy stay.

> 2. Stackpoole is personally liable for the unpaid sales taxes under MCL 205.65(2); MSA 7.536(2), which provides that once an assessment for unpaid taxes against a corporation becomes final and the corporation fails to remit the taxes due, any of the corporation's officers having control, supervision of, or charged with the responsibility for filing the return is personally liable for the unpaid taxes.

> 3. Remand is required for a determination whether interest and penalties accrued while the bankruptcy stay was in effect

REFERENCES

Am Jur 2d, Bankruptcy § 1459.

See the Index to Annotations under Bankruptcy and Insolvency; Stay of Action or Proceeding.

and, if so, whether Stackpoole can be held personally liable for them.

Affirmed and remanded.

MICHAEL J. KELLY, J., dissenting in part, stated that remand for determination of Stackpoole's personal liability for interest and penalties is unnecessary because he settled his claim of appeal with regard to the issue.

TAXATION — SALES TAX — NOTICES OF FINAL ASSESSMENT — BANK-RUPTCY.

Issuance of a notice of final assessment for unpaid sales taxes and accrued interest and penalties is not precluded by the automatic stay effectuated by the taxpayer's bankruptcy filing under chapter 11 of the Bankruptcy Code; accordingly, a corporate officer may not disclaim personal liability for a corporation's unpaid sales taxes, interest, and penalties on the basis that the original notices of final assessment against the corporation had been issued while a bankruptcy stay was in effect (MCL 205.65; MSA 7.536, 11 USC 362[b][9]).

*Rice, Rice, Gilbert & Marston* (by *Michael V. Marston* and *Nancy B. Loffredo*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *E. David Brockman* and *Gary Ankers,* Assistant Attorneys General, for the respondent.

Before: REILLY, P.J., and GILLIS and MICHAEL J. KELLY, JJ.

REILLY, P.J. Petitioner Robert Stackpoole, a corporate officer of Warrior Petroleum, Ltd., appeals as of right from a Michigan Tax Tribunal decision affirming a sales tax deficiency assessment against him. We affirm and remand.

Warrior, which operated a retail gasoline station, filed a tardy tax return and was late in its payment of sales and withholding taxes for October 1981. As a result, on April 19, 1982, respondent issued a "notice of final assessment" for penalties and interest in the amount of $823.08.

Another "notice of final assessment" for taxes, interest, and penalties was issued on April 27, 1982, in the amount of $10,806.85 for the period of November 1981 through February 1982. This notice was amended on June 3, 1982, and the amount due was reduced to $8,384.13. Also, on the same date, a notice was issued in the amount of $129.70 for penalties for March 1982. On June 2, 1982, the day before the issuance of these notices, Warrior filed for bankruptcy and an automatic stay was effectuated pursuant to 11 USC 362.

In January 1985, the bankruptcy case was dismissed and the stay was lifted. In July 1985, an assessment in the amount of $10,435.82 was issued against Stackpoole, as the liable corporate officer. This assessment covered only the sales tax portion of the corporate assessment.

Stackpoole appealed the personal assessment to the Michigan Tax Tribunal. Although Stackpoole acknowledged that he was the corporate officer responsible for paying the taxes, he denied any personal liability. The tribunal found that Stackpoole was liable for the unpaid taxes pursuant to MCL 205.65; MSA 7.536. The tribunal apparently did not directly consider the effect of the bankruptcy stay on Stackpoole's responsibility for the unpaid taxes.

Our review of the Tax Tribunal's decision is limited to determining whether the decision is authorized by law and is supported by competent, material, and substantial evidence on the whole record. *Keith v Dep't of Treasury,* 165 Mich App 105, 107; 418 NW2d 691 (1987); *Peterson v Dep't of Treasury,* 145 Mich App 445, 449; 377 NW2d 887 (1985).

The authority to impose liability on a corporate officer for unpaid sales tax is found in MCL

205.65(2); MSA 7.536(2), which provides in pertinent part:

> If a corporation licensed under this act fails for any reason to file the required returns or to pay the tax due, any of its officers having control, or supervision of, or charged with the responsibility for making such returns and payments shall be personally liable for such failure. The dissolution of a corporation shall not discharge an officer's liability for a prior failure of the corporation to make a return or remit the tax due.

A corporate officer's liability under the statute is derivative because it arises only if the corporation fails to file a required return or pay a tax due. *Keith, supra* at 110. See also *Livingstone v Dep't of Treasury,* 169 Mich App 209, 214; 426 NW2d 184 (1988), aff'd 434 Mich 771; 456 NW2d 684 (1990) (interpreting provision imposing liability on a corporate officer for the corporation's unpaid use taxes). In *Livingstone,* the Court of Appeals stated:

> By statute, once an assessment for unpaid taxes against a corporation becomes final and the corporation fails to remit the taxes due, any of the corporation's officers having control, supervision of, or charged with the responsibility for making the tax returns shall become personally liable. [*Id.* at 213.]

On appeal, Stackpoole argues that he is not liable for the unpaid taxes of the corporation because the automatic stay was in effect at the time the June 3, 1982, notices were issued to the corporation. Stackpoole asserts that his liability is derivative of that of the corporation. Therefore, he reasons, he cannot be liable because the notices of final assessment were in violation of the automatic stay and thus were void.

11 USC 362 provides that a petition for bankruptcy, once filed, operates as a stay applicable to all entities of, among other things, the commencement or continuation of proceedings against the debtor; the enforcement of a judgment obtained before the commencement of the case in bankruptcy; any acts to obtain possession of property of the estate; any acts to create, perfect, or enforce a lien against property of the estate; and any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the bankruptcy case. 11 USC 362(a); see also *Lopez v Lopez*, 191 Mich App 427; 478 NW2d 706 (1991). The purpose of the automatic stay is to preserve the status quo of the estate in an effort to effectuate a successful reorganization or liquidation. The stay protects the debtor from collection efforts or foreclosure actions and protects creditors to the extent that there is an orderly liquidation proceeding by which all creditors of equal status are treated the same. *Lynch v Johns-Manville Sales Corp,* 710 F2d 1194, 1196-1197 (CA 6, 1983).

Despite the broad prohibitions enumerated in § 362(a), a bankruptcy filing under chapter 11 "does not operate as a stay . . . of the issuance to the debtor by a governmental unit of a notice of tax deficiency." 11 USC 362(b)(9) (formerly [b][8]); *H & H Beverage Distributors v Pennsylvania Dep't of Revenue,* 850 F2d 165, 166-167 (CA 3, 1988). Therefore, although a governmental unit may not collect taxes or create a lien during the period of the stay, it may notify the debtor of a tax deficiency. *Id.* at 167.

In the present case, a revised "notice of final assessment" for the period of November 1981 through February 1982 and a "notice of final assessment" for March 1982 were issued after the bankruptcy stay became effective on June 2, 1982.

However, we conclude that the issuance of these notices was not an "act to create, perfect, or enforce a lien" against the property of Warrior. 11 USC 362(a)(4), (5).

Pursuant to MCL 205.24(1); MSA 7.657(24)(1):

> If a person fails or refuses to file a return or pay a tax administered under this act within the time specified, the department, as soon as possible, shall assess the tax against the person and notify the person of the amount of the tax.

The purpose of such a statutory notice provision is "to provide the taxpayer with notice that a deficiency assessment has been levied for certain taxes and to afford the taxpayer an opportunity to contest it." *Keith, supra* at 109.

The notice itself does not create a lien. A tax lien in favor of the state attaches "from and after the date that any report or return on which the tax is levied is required to be filed with the department." MCL 205.29(1); MSA 7.657(29)(1). In the case of sales taxes, on or before the fifteenth day of each month, a taxpayer must transmit a return, together with a remittance for the tax due for the previous month, to the department. MSA 205.56(1); MSA 7.527(1). In the present case, a lien for unpaid sales taxes for the periods of November 1981 through February 1982 and March of 1982 attached before the June 2, 1982, bankruptcy filing and the June 3, 1982, "notice of final assessment."

Additionally, the notice itself was not an act to perfect the lien, see MCL 205.29(2); MSA 7.657(29) (2) and MCL 211.682; MSA 7.753(52), nor was it an action to enforce or collect on the lien, see MCL 205.25(1); MSA 7.657(25)(1).

Although the notice issued in this case was called "notice of final assessment," it is distin-

guishable in purpose and effect from an action "to collect, *assess,* or recover" a claim, which is prohibited by 11 USC 362(a)(6). Under federal law, an Internal Revenue Service assessment involves formal recording of the taxpayer's liability in the office of the secretary. 26 USC 6213(c); *H & H Beverage, supra* at 168. A federal tax lien attaches when unpaid taxes are assessed. 26 USC 6321, 6322; *United States v Donahue Industries, Inc,* 905 F2d 1325 (CA 9, 1990). Thus, the federal "assessment" governs the time when a lien is created, while the "notice of final assessment" in the present case was issued to satisfy the due process requirement of providing the taxpayer with notice of a deficiency and an opportunity to contest it.

The "notice of final assessment" issued in the present case is similar to the "notice of tax deficiency" that may be issued during the period of a stay. 11 USC 362(b)(9). When the IRS finds a tax deficiency, it is authorized to issue a formal "notice of tax deficiency." 26 USC 6212; *H & H Beverage, supra* at 168. The taxpayer has ninety days after receiving the notice to seek a redetermination. If the taxpayer does not seek a redetermination, the deficiency is assessed. 26 USC 6213(a); *H & H Beverage, supra* at 168. Thus, the "notice of tax deficiency," like the "notice of final assessment," provides the taxpayer with notice of a tax deficiency and with an opportunity to contest the amount due.

On the basis of the foregoing, we hold that the issuance of the amended "notice of final assessment" was not in violation of the bankruptcy stay. Because Warrior failed to pay the tax due after receiving the notice, Stackpoole became personally liable under the statute. *Keith, supra* at 110; *Livingstone, supra* at 213. Although the Tax Tribunal did not specifically address the extent of the

bankruptcy stay, it properly concluded that Stackpoole was personally liable. Accordingly, we affirm. See, e.g., *Thomas v Leja,* 187 Mich App 418, 421; 468 NW2d 58 (1991).

Stackpoole also argues that he should not be responsible for penalties and interest that accrued during the period of the stay. We note initially that Stackpoole does not specify the amount that allegedly accrued during this period. On the basis of the record before us, it appears that the amount of penalties and interest on the tax for the period of November 1981 to February 1982, which was assessed against Stackpoole, exceeded the amount that was originally assessed against Warrior. However, we cannot determine whether the increase was due to an accrual during the period of the stay or whether the additional amount accrued from the period the stay was lifted, January 1985 to the time when the assessment against Stackpoole was issued in July 1985.

Generally, in bankruptcy proceedings, interest on prepetition claims ceases to accrue upon the filing of the bankruptcy petition. *Nicholas v United States,* 384 US 678, 682; 86 S Ct 1674; 16 L Ed 2d 853 (1966); *In re Boston & Main Corp,* 719 F2d 493, 495 (CA 1, 1983). However, there are certain exceptions to this general rule. See *id.* at 496. Because the Tax Tribunal did not address the claim that interest and penalties accrued during the period of the stay, we remand for a determination whether there was an accrual during this period and, if so, whether Stackpoole could be charged with the additional interest and penalties.

Affirmed and remanded.

GILLIS, J., concurred.

MICHAEL J. KELLY, J. *(concurring in part and*

*dissenting in part).* I would affirm without ordering a remand.

When Stackpoole filed his brief in the Court of Appeals, four issues were listed. Two of those issues were settled while the appeal was pending and the parties stipulated to the withdrawal of those issues at oral argument. Those issues, as described in appellant's brief, include the issue of the repeal of § 11 of the General Sales Tax Act, MCL 205.61; MSA 7.532, and the issue whether the assessed amount was correctly computed and the Department of Treasury properly credited certain payments. I believe therefore that Stackpoole has settled the claim of appeal with regard to his responsibilities for penalties and interest, and I would therefore affirm without remand. The amount in question may have been de minimis, but whether the stipulation was strategic is of no consequence. I would affirm.