ELSHEICK v DEPARTMENT OF TREASURY

Docket Nos. 194642, 194644. Submitted April 8, 1997, at Detroit. Decided October 3, 1997, at 9:00 A.M.

Northwest Petroleum Corporation filed for bankruptcy while owing gasoline taxes to the Department of Treasury, which subsequently assessed the unpaid taxes, interest, and penalties on Abraham Elsheick, the president of Northwest, holding him liable as a corporate officer. Elsheick filed a petition in the Michigan Tax Tribunal to challenge the assessment. While the matter was pending in the tribunal, the department collected on a tax surety bond that had been posted by Northwest and applied the proceeds against other tax liabilities by Northwest. The tribunal entered a judgment in favor of the department, allowing it to collect the unpaid taxes, penalties for periods before and after the filing of the bankruptcy petition, and interest for the period before the filing of the bankruptcy petition but not for any period after the filing of the bankruptcy petition. The tribunal also ordered the department to apply the proceeds from the tax surety bond to the assessment against Elsheick. Both Elsheick and the department appealed, and their appeals were consolidated.

The Court of Appeals *held*:

1. Corporate officer liability may be imposed for unpaid motor fuel taxes, interest, and penalties. The motor fuel tax act provides that motor fuel taxes are to be administered pursuant to the provisions of the revenue act, which provides for interest, penalties, and corporate officer liability.

2. Penalties in connection with nondischargeable tax debts such as that at issue in this case may be imposed after the filing of a bankruptcy petition. Elsheick is derivatively liable for postpetition penalties.

3. Interest on a nondischargeable tax debt continues to accrue after the filing of a bankruptcy petition. Elsheick is derivatively liable for postpetition interest.

4. The tribunal erred in ordering the reapplication of the proceeds of the tax surety bond. The reapplication of those proceeds was not among the issues to be litigated as provided in an order issued by the tribunal after the prehearing conference.

Affirmed in part and reversed in part.

1. TAXATION — MOTOR FUEL TAXES — INTEREST — PENALTIES — CORPORATE
   OFFICERS.

   Motor fuel taxes are administered pursuant to the revenue act, which
   provides for the imposition of interest, penalties, and liability by a
   corporate officer (MCL 205.24[2], 205.27a[5], 207.201; MSA
   7.657[24][2], 7.657[27a][5], 7.320[1]).

2. TAXATION — INTEREST — PENALTIES — BANKRUPTCY.

   Penalties and interest on a tax debt that is not dischargeable in bank-
   ruptcy may be imposed or may accrue after the filing of a petition
   for bankruptcy.

*Raymond & Prokop, P.C.* (by *Thomas J. Kenny* and
*Danielle Barron Mayoras*), for the petitioner.

*Frank J. Kelley*, Attorney General, *Thomas L.
Casey*, Solicitor General, and *E. David Brockman* and
*Suann D. Cochran*, Assistant Attorneys General, for
the respondent.

Before: SAWYER, P.J., and MURPHY and CAVANAGH, JJ.

SAWYER, P.J. Both parties appeal from a judgment of
the Michigan Tax Tribunal in this dispute over a cor-
porate officer's liability for a tax assessment. We
affirm in part and reverse in part.

Petitioner was president of Northwest Petroleum
Corporation. On October 26, 1992, Northwest filed for
Chapter 11 bankruptcy. Beginning on October 28,
1992, respondent assessed Northwest for unpaid gaso-
line taxes during August and September of 1992,
including penalties and interest. Northwest did not
appeal the assessments. On December 10, 1993,
respondent issued final corporate officer liability
assessments against petitioner for the unpaid taxes,
including penalties and interest. Petitioner appealed
these assessments.

While the appeals of those assessments were pending, respondent sought to collect on the $125,000 tax surety bond posted by Northwest. The insurer paid on the bond, and respondent applied the proceeds against other assessments against Northwest that were not the subject of appeal and for which petitioner was not derivatively liable.

Ultimately, the Tax Tribunal ruled in favor of respondent on the assessments and prepetition interest and pre- and postpetition penalty issues. However, it disallowed any postpetition interest and ordered that any bond proceeds received by respondent be deducted from the assessments.

Turning first to the issues raised by petitioner, petitioner argues that the Tax Tribunal lacks the authority to hold a corporate officer derivatively liable for interest and penalties assessed on a corporation's debt pursuant to the motor fuel tax act. We disagree. The motor fuel tax act provides in MCL 207.201; MSA 7.320(1) that motor fuel taxes shall be administered pursuant to the provisions of the revenue act contained in MCL 205.1; MSA 7.657(1) to MCL 205.30; MSA 7.657(30). Not only does MCL 205.24(2); MSA 7.657(24)(2) contain penalty and interest provisions, MCL 205.27a(5); MSA 7.657(27a)(5) provides for corporate officer liability. Accordingly, petitioner could be held derivatively liable for interest and penalties on the motor fuel taxes.

Next, petitioner argues that the Tax Tribunal erred in concluding that a corporate officer is responsible for penalties that accrued after the corporation filed for bankruptcy. We disagree. Petitioner relies on our opinion in *Stackpoole v Dep't of Treasury*, 194 Mich App 112; 486 NW2d 322 (1992), which reliance is mis-

placed. Petitioner focuses on the observation in *Stackpoole* that the general rule is that interest on prepetition claims ceases to accrue upon the filing for bankruptcy. Petitioner, however, overlooks the fact that *Stackpoole* acknowledged exceptions to that rule and remanded the matter to the Tax Tribunal to determine whether there was an accrual during the bankruptcy stay period and, if so, whether the corporate officer was derivatively liable for the additional interests and penalties. *Id.* at 119.

In fact, this does represent an exception to the general rule. Postpetition penalties can be imposed in connection with nondischargeable tax debts. See *In re Hanna*, 872 F2d 829 (CA 8, 1989). Because the tax debt was nondischargeable, postpetition penalties may be assessed and, therefore, petitioner remains derivatively liable for those penalties.

The next issue raised by petitioner is similar to the first of respondent's issues that we consider, namely, whether the Tax Tribunal erred in ruling that interest did not accrue after the filing of the bankruptcy petition. As with the penalty issue, interest continues to accrue after a bankruptcy filing on a debt not dischargeable in bankruptcy. See *Bruning v United States*, 376 US 358; 84 S Ct 906; 11 L Ed 2d 772 (1964) (postpetition interest collectable on a nondischargeable tax debt).

Respondent next argues that the Tax Tribunal erred in ordering the reapplication of the proceeds of the tax bond to the assessments at issue here. We agree. We need not address the merits of the question whether the tribunal has the power to order the reapplication of the bond proceeds because that issue was not properly before the tribunal in this case. While

petitioner did initially raise the issue in his petition, the issue was subsequently abandoned. Specifically, following the prehearing conference, an order was entered listing the issues to be litigated and this issue was not one of them. Accordingly, no evidence or argument was taken on the issue. Thus, the issue should not have been addressed by the tribunal.[1]

Affirmed in part and reversed in part. Respondent may tax costs.

---

[1] Indeed, doing so violated the rule contained in 1979 AC, R 205.1270, which provides that the prehearing summary shall control the course of the proceedings.