DAIMLERCHRYSLER CORPORATION v DEPARTMENT OF TREASURY

Docket No. 239177. Submitted July 10, 2003, at Lansing. Decided September 2, 2003, at 9:05 A.M. Leave to appeal sought.

DaimlerChrysler Corporation, pursuant to MCL 207.112(2) of the fuel tax act (repealed by 2000 PA 403), requested a refund of taxes paid for fuel left in the fuel tanks of vehicles that were sold to out-of-state dealers. The Department of Treasury refunded taxes paid for the year before DaimlerChrysler's refund request, but determined that the one-year period of limitations in subsection 12(2) barred the recovery of taxes paid earlier. The department also denied DaimlerChrysler's request for an award of interest on the refund. The Tax Tribunal affirmed the decision of the department, with the exception that the tribunal awarded interest on DaimlerChrysler's entire tax refund, beginning forty-five days after the filing of its initial request. DaimlerChrysler appealed, and the department cross-appealed regarding the award of interest.

The Court of Appeals held:

1. MCL 207.112(2) provided that a purchaser of gasoline "used for a purpose other than the operation of a motor vehicle" on the roads of this state may request a refund of taxes paid. Daimler-Chrysler's initial argument that its refund requests are governed by the general tax refund statute, MCL 205.30(2), and not by the fuel tax act, because it did not use the gasoline to power its vehicles, fails since the only reason fuel is placed in a vehicle is to power the vehicle. DaimlerChrysler is entitled to a refund under subsection 12(2). Under the plain and ordinary meaning of the term "use," DaimlerChrysler did not use the fuel to operate motor vehicles on the roads of this state. Although the punctuation used in subsection 12(2) created an ambiguity regarding those who were subject to the one-year period of limitations for filing refund requests, a reasonable construction of the statute is that it applied to all persons seeking motor fuel refunds. The tribunal did not err when it denied DaimlerChrysler's request for refunds of taxes paid more than one year before its request.

2. The tribunal did not err in awarding DaimlerChrysler interest on its refund under the general revenue act, MCL 205.30(3), because the filing of DaimlerChrysler's initial request for a refund

constituted adequate notice of the filing of a claim so that interest began accruing forty-five days after DaimlerChrysler's "claim" was filed. It mattered not that additional information was needed to process the motor fuel refunds. The tribunal did err, however, in holding that interest began accruing on the entire refund forty-five days after the initial filing, because the initial filing did not provide adequate notice of refunds sought for different periods that were only requested in later correspondence by DaimlerChrysler. The accrual period for each refund must be calculated separately.

Affirmed in part, reversed in part, and remanded.

*Michele L. Halloran, PLC* (by *Michele L. Halloran*), for the petitioner.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Kevin T. Smith*, Assistant Attorney General, for the respondent.

Before: NEFF, P.J., FORT HOOD and BORRELLO, JJ.

PER CURIAM. Petitioner DaimlerChrysler Corporation appeals as of right the Tax Tribunal's decision to apply the one-year period of limitations provided in MCL 207.112(2),[1] rather than the four-year period of limitations provided in MCL 205.27a(2) and MCL 205.30(2). Respondent Department of Treasury cross-appeals the tribunal's award of interest on petitioner's tax refund. We affirm in part, reverse in part, and remand.

I

Petitioner sought refunds from the state of Michigan regarding taxes paid for fuel left in the fuel tanks of vehicles sold to out-of-state dealers. Respondent

---

[1] Repealed by 2000 PA 403, which enacted a new motor fuel tax act. The parties agree that the amendment does not apply retroactively to petitioner.

refunded taxes paid for the year before petitioner's January 30, 1998, refund request but asserted that the one-year period of limitations barred any recovery of taxes paid earlier. Respondent also declined to pay interest on the taxes it refunded, arguing that the refund request did not constitute the filing of a claim sufficient to trigger an award of interest.

In its automobile manufacturing process, petitioner places a certain amount of motor fuel in the fuel tank of each new vehicle. During the periods at issue in this case, petitioner purchased fuel for that purpose and paid state motor fuel taxes. Some of the fuel was consumed during off-highway testing but the rest remained in the fuel tanks. The vehicles were then shipped to retail car dealers both inside and outside the state. Respondent conceded that the fuel shipped outside the state in vehicles did not constitute consumption or combustion of fuel within the state. Pursuant to subsection 12(2), a taxpayer may request a refund when the gasoline was "used for a purpose other than the operation of a motor vehicle" on this state's roads or highways.

II

This Court reviews a decision of the Tax Tribunal to determine whether it was authorized by law and based on competent, material, and substantial evidence. MCL 24.306; *Czars, Inc v Dep't of Treasury*, 233 Mich App 632, 637; 593 NW2d 209 (1999). We review issues of statutory interpretation de novo as questions of law. *Oakland Co Bd of Rd Comm'rs v Michigan Prop & Cas Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998).

III

Petitioner argues that its request for refunds is not governed by the fuel tax act, MCL 207.101 *et seq.*, but by the general tax refund statute, MCL 205.30(2), because petitioner did not use the disputed fuel to power vehicles. We disagree simply because the only reason fuel is placed into a vehicle is to power the vehicle. Additionally, tax was imposed on gasoline at the point of sale, MCL 207.102(1); MCL 207.108a, regardless of its ultimate use, *Ammex, Inc v Dep't of Treasury*, 237 Mich App 455, 470; 603 NW2d 308 (1999). However, petitioner is not without a remedy for the fuel used to power vehicles that are shipped out of state. Pursuant to subsection 12(2), a purchaser who used gasoline for purposes other than the operation of a motor vehicle in this state may later seek a refund.

Petitioner argues it is not entitled to a refund under subsection 12(2) because petitioner did not "use" the fuel. However, the fuel tax act did not define "use." When a term is not defined in a statute, we must give the term its plain and ordinary meaning and may consult a dictionary definition. *Koontz v Ameritech Services, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). The word "use" is defined as "make use of, put to use, operate, employ." *Random House Webster's College Dictionary* (1999). Here, petitioner "used" the gasoline by removing it from storage and putting it into the vehicles petitioner produced, which were then driven onto a motor vehicle carrier. Therefore, petitioner's right to a refund is governed by subsection 12(2), which stated in part:

The purchaser of gasoline used for a purpose other than the operation of a motor vehicle on the public roads, streets, and highways of this state, a person operating a passenger vehicle of a capacity of 5 or more under a municipal franchise, license, permit, agreement, or grant, respectively, a person operating a passenger vehicle for the transportation of school students under a certificate of authority issued by the state transportation department . . . and community action agencies . . . which are not a part or division of a political subdivision of this state shall be entitled to a refund of the tax on the gasoline. Community action agencies shall make the refund a state-contributed non-federal share to grants received by such community action agencies from the community services administration . . . by filing a verified claim with the department upon forms prescribed and to be furnished by it, within 1 year after the date of purchase, as shown by the invoice. A claim mailed within the 1-year period, as evidenced by the postmark, when received by the department, shall be considered as filed within the required time. . . . The retail dealer shall furnish the purchaser with an invoice, showing the amount of gasoline purchased, the date of purchase, and the amount of tax on the purchase, and the dealer shall at the request of the department immediately supply the department with a copy of an invoice issued by the dealer during a 1-year period preceding the request.

Petitioner next argues that subsection 12(2), by its clear language, imposed a period of limitations only on community action agencies. We disagree.

Judicial construction is not permitted if a statute's language is clear and unambiguous. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999); *Devormer v Devormer*, 240 Mich App 601, 605; 618 NW2d 39 (2000). Courts must not speculate beyond the Legislature's words. *Michigan Residential Care Ass'n v Dep't of Social Services*, 207 Mich App 373, 377; 526 NW2d 9 (1994).

Further, language must be read within its grammatical context unless something else was clearly intended. *Sun Valley, supra* at 237. We consider punctuation, including the effect of a period. See, e.g., *Mayor of Lansing v Public Service Comm*, 257 Mich App 1, 14; 666 NW2d 298 (2003). However, we are not bound by punctuation, where another meaning was clearly intended. In the present case, the period separating the first and second sentences of subsection 12(2) suggests the meaning petitioner asserts. However, the second sentence then makes little sense. A reading of the two sentences without regard to punctuation reveals an entirely different meaning, consistent with the tribunal's interpretation.

Because the statutory language itself creates an ambiguity, we may engage in judicial construction. *Sun Valley, supra* at 236. We must determine a reasonable construction that best reflects the Legislature's intent. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998).

Generally, ambiguous tax statutes are strictly construed in the taxpayer's favor. *Michigan Bell Tel Co v Dep't of Treasury*, 445 Mich 470, 477; 518 NW2d 808 (1994). However, statutes setting qualifications for a tax exemption are strictly construed in the government's favor. *Guardian Industries Corp v Dep't of Treasury*, 243 Mich App 244, 249; 621 NW2d 450 (2000). Administrative interpretations are entitled to deference. *Ludington Service Corp v Acting Comm'r of Ins*, 444 Mich 481, 491; 511 NW2d 661 (1994). Pursuant to 1979 AC, R 207.11, MCL 207.112(2) was interpreted as imposing a one-year period of limitations on all gasoline purchasers seeking a gasoline tax refund.

More significantly, before the Legislature enacted 1992 PA 482, the provisions at issue were found in one long sentence, which clearly stated that the period of limitations applied to all persons seeking the refund. See 1980 PA 482. Although amendments are generally construed to change a statute's meaning, they may also be intended only to clarify the meaning. *Ettinger v Lansing*, 215 Mich App 451, 455; 546 NW2d 652 (1996). We find that the Legislature's insertion of a period in subsection 12(2) was an attempt to break up a long sentence into two, more manageable sentences that failed to consider the grammatical consequences of the change.

Under the interpretation that best reflects the Legislature's likely intent, subsection 12(2) imposed a one-year filing requirement on all persons seeking motor fuel refunds. The tribunal, therefore, did not err when it denied petitioner's request for a refund of taxes paid more than one year before the request was made.

IV

Respondent cross-appeals the tribunal's decision to award petitioner interest on the refund respondent properly paid. The motor fuel tax was administered pursuant to the general revenue act, MCL 205.1 *et seq.* Specifically, the interest provisions in the general revenue act apply to motor fuel refunds. *Elsheick v Dep't of Treasury*, 225 Mich App 575, 577; 571 NW2d 570 (1997). Interest begins accruing forty-five days "after the claim is filed." MCL 205.30(3).

In *Lindsay Anderson Sagar Trust v Dep't of Treasury*, 204 Mich App 128, 131-132; 514 NW2d 514

(1994), we held that under MCL 205.30(3), interest begins accruing when a claim is *filed*, not when the department receives the supporting information necessary to process the claim. We determined further that a claim is filed when the department receives adequate notice of the claim. *Id.* at 132.

Respondent argues that the present case is distinguishable because subsection 12(2) imposed specific requirements for the filing of a motor fuel tax refund. However, the interest begins to accrue regardless of what information is required to process the claim, *Lindsay Anderson Sagar Trust, supra* at 131-132; this includes information required by statute or administrative rule specifically for fuel tax refunds. Respondent's correspondence indicates it considered petitioner's requests to be claims. Further, claim filing requires only adequate notice, *id.* at 132; thus, filing of the specific forms referenced in subsection 12(2) was not required to trigger the interest provision.

The tribunal did not err by ordering respondent to pay interest. However, the tribunal erroneously held that the interest began accruing on the entire refund request forty-five days after the initial request. That request could not have provided adequate notice of refunds for different periods, which were only requested in later correspondence. Thus, the accrual period for each refund requested must be calculated separately. We therefore reverse the tribunal's order regarding interest and remand to the tribunal to make those calculations and issue an order setting forth the correct accrual dates.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.