F. M. SIBLEY LUMBER CO. *v.* DEPARTMENT OF REVENUE.

1. TAXATION—STATE BOARD OF TAX APPEALS.

The State board of tax appeals, created by statute, is not a judicial body but is a tax-collecting agency and with appropriate incidental powers (Act No. 122, Pub. Acts 1941).

2. SAME—DEPARTMENT OF REVENUE—COMPROMISE OF TAX LIABILITY —INTEREST—PENALTIES.

While the commissioner of the department of revenue, officers or employees of the department are barred from compromising or reducing the tax liability of a taxpayer owing taxes to the State, such prohibition does not extend to prevent a compromise of interest or penalties (Act No. 122, § 6a, Pub. Acts 1941, as added by Act No. 190, Pub. Acts 1943).

3. SAME—SALES TAX—REFUND—VOLUNTARY PAYMENT—PAYMENT UNDER PROTEST.

In view of the statutory provisions conferring unqualified power upon the department of revenue to refund money paid by a taxpayer in excess of his tax liability under the general sales

tax act, it is immaterial whether the overpayment was made voluntarily or under protest (Act No. 167, § 9, Pub. Acts 1933, as amended; Act Nö. 122, § 13, Pub. Acts 1941).

4. STATUTES—CONSTRUCTION OF TAX LAWS.

Generally tax laws are to be construed liberally in favor of the taxpayer, they are not to be extended beyond the clear import of their language and doubts therein are construed most strongly against the government.

5. TAXATION—CONSTRUCTION OF STATUTES—OVERPAYMENT OF SALES TAX—REFUND—PAYMENT UNDER PROTEST.

Statute expressly conferring authority to refund overpayments of taxes under the general sales tax act *before* determination by board of tax appeals may not be so construed as to require payment under protest as a condition precedent to refunds where statute does not require it although *after* the board of tax appeals holds hearing and makes determination payment under protest is a condition precedent to obtaining refund (Act No. 167, § 9, Pub. Acts 1933, as amended; Act No. 122, §§ 9, 13, Pub. Acts 1941).

6. SAME—STATE BOARD OF TAX APPEALS—VOLUNTARY OVERPAYMENT OF SALES TAX—REFUND.

The State board of tax appeals was within its statutory powers when it determined that a refund was due taxpayer, on appeal from decision of department in effect denying taxpayer's right to refund where overpayment of sales tax had been vountarily made (Act No. 167, § 9, Pub. Acts 1933, as amended; Act No. 122, §§ 7, 13, Pub. Acts 1941).

7. SAME—SALES TAX REFUNDS—JURISDICTION—DEPARTMENT OF REVENUE—COURT OF CLAIMS.

Since the statute creating the department of revenue expressly charged it with the duties embodied in the general sales tax act and latter act vested the administrative agency thereof with the power to make refund of voluntary overpayment upon request of taxpayer who made it in both the original act and amendment thereof, enacted after the court of claims act was passed, the court of claims did not supplant the administrative agency of the general sales tax act for determination of such claims against the State; especially in view of exclusionary provision thereafter incorporated in court of claims act and alternative provisions of department of revenue act for recourse to courts (Act No. 167, §§ 9, 22, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939; Act No. 135, § 8, Pub. Acts 1939, as amended by Act No. 137, Pub. Acts 1941; Act No. 122, § 13, Pub. Acts 1941).

8. Same—Department of Revenue—Board of Tax Appeals—Refunds—Payment Under Protest.

    Both the department of revenue and board of tax appeals have power to credit against a subsequent sales tax such refund as the taxpayer may establish he is entitled to receive without the overpayment having been made under protest where such refund is sought before determination of tax on appeal to the board (Act No. 167, § 9, Pub. Acts 1933, as amended; Act No. 122, § 13, Pub. Acts 1941).

9. Costs—Public Question—Department of Revenue.

    No costs are awarded on appeal in the nature of certiorari from a judgment of the circuit court affirming determination of board of tax appeals concerning proper practice and procedure in the department of revenue, a public question being involved (Act No. 167, Pub. Acts 1933, as amended; Act No. 122, Pub. Acts 1941, as amended).

Appeal from Ingham; Hayden (Charles H.), J. Submitted April 5, 1945. (Docket No. 53, Calendar No. 42,871.) Decided June 4, 1945.

Petition by F. M. Sibley Lumber Company for review by State Board of Tax Appeals of the determination of the Department of Revenue denying sales tax refund. Order allowing refund. Defendant appealed to circuit court. Order of State Board of Tax Appeals affirmed. Defendant appeals. Affirmed and remanded to circuit court to be certified to Department of Revenue.

*Fildew & DeGree,* for plaintiff.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *T. Carl Holbrook* and *Daniel J. O'Hara,* Assistants Attorney General, for defendant.

North, J. This is an appeal by the department of revenue in the nature of certiorari from a judgment of the circuit court of Ingham county affirming

a holding of the State board of tax appeals that the department of revenue in this State has jurisdiction to hear and determine the claim of a taxpayer for the repayment of money voluntarily paid in excess of the amount justly due under the general sales tax act. Appellant's position is stated in its brief as follows:

"The State board of tax appeals is not the proper judicial forum to entertain, hear and determine the petition of appellee (the plaintiff taxpayer) for the return of moneys voluntarily paid as sales taxes under the provisions of the general sales tax act, as amended, by appellee to the appellant over a period of years under a mistake of fact or error in law."

In the main, decision herein turns upon the soundness of the above-quoted contention. For brevity we herein refer to plaintiff as the taxpayer, to the department of revenue as the department, and to the State board of tax appeals as the appeal board. The statute by which the department and appeal board were created is Act No. 122, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 3695-1 *et seq.,* Stat. Ann. 1944 Cum. Supp. § 7.657 [1] *et seq.*). Section 13 of the act provides:

"The department shall administer and enforce the following laws as amended and shall succeed to and is hereby vested with all of the powers, duties, functions, responsibilities and jurisdiction now or hereafter conferred upon:

(a) State board of tax administration by Act No. 167 of the Public Acts of 1933 and Act No. 77 of the Public Acts of 1935, as amended (general sales tax) *; also by Act No. 94 of the Public Acts of 1937 (use tax)†."

---

* See Comp. Laws Supp. 1940, § 3663-1 *et seq.,* Stat. Ann. § 7.521 *et seq.*—REPORTER.

† See Comp. Laws Supp. 1940, § 3663-41, Stat. Ann. 1944 Cum. Supp. § 7.555 (1) *et seq.*—REPORTER.

The plaintiff taxpayer sought repayment by the department of a substantial sum of money voluntarily paid by it to the department or its predecessor in excess of the just amount of sales tax which the plaintiff taxpayer should have been required to pay in 1942 and some years prior thereto. The department decided against such repayment. Its decision, as appears from the department's answer to the petition on appeal to the appeal board, was "upon the broad general principle that they could not recover for taxes voluntarily paid and unaccompanied by protest." But in its brief on this appeal the department also asserts that the statute does not give it authority or jurisdiction to determine a claim such as is asserted in the instant case, or to order payment of such a claim if allowed. After hearing the taxpayer's appeal the appeal board "determined that a refund is due the appellant." As noted above, this determination was affirmed by the circuit court, and from such judgment this appeal in the nature of certiorari was taken.

At the outset it should be noted that notwithstanding in appellant's brief as first above quoted, the appeal board is referred to as a "judicial forum," this statutory agency is not a judicial body. Instead it is "a tax collection agency" (see section 1 of the act) with appropriate incidental powers and as such is an administrative, and to some extent an executive, agency of the State. The powers and duties of the department acting through the State commissioner of revenue are set forth in section 3 of the act, which in part reads: "The commissioner shall have all the powers and perform the duties formerly vested in any department, board, commission or other agency, in connection with the taxes due to or claimed by the State which herein or hereafter may be made payable

to or collectible by the department herein created,'' including certain specified incidental powers not pertinent to decision of the instant case; but such powers are specifically restricted by Act No. 122, § 6a, Pub. Acts 1941, as added by Act No. 190, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 3695–6a, Stat. Ann. 1944 Cum. Supp. § 7.657 [6a]), which reads:

''Hereafter neither the commissioner, nor any officer or employee of the department, shall in any manner compromise or reduce the tax liability of any person, firm or corporation owing a tax to the State of Michigan. In case the department and the person, firm or corporation owing the tax shall not be in accord with respect to tax liability, the department shall assess and levy the full amount of the tax due under the law, and any person, firm or corporation aggrieved by such assessment may appeal to the State board of tax appeals as provided in section 7 of this act. The provisions of this section shall not be construed to prevent a compromise of interest and/or penalties.''

If attention were confined solely to the above-quoted provisions of the act or even to other portions of its context, excluding references to other legislative acts—particularly the general sales tax act, no provision would be found authorizing the department to refund money voluntarily paid in excess of a lawful tax. But Act No. 122, § 13, Pub. Acts 1941, in part above quoted, imposes upon the department the administration of the general sales tax law, and vests the department with the powers and duties, et cetera, embodied in the general sales tax act. Section 9 of Act No. 167, Pub. Acts 1933 (general sales tax act), contains the following:

''As soon as practicable after each return is filed the board shall examine it. If it then appears that the correct amount of the tax is greater or less than

that shown in the return, the tax shall be recomputed and the correct tax determined. If the amount paid exceeds that which should have been paid on the basis of the tax so computed, the excess so paid with interest at four per centum per annum shall be credited against a subsequent tax or shall be refunded if requested by the taxpayer."

We cannot escape the conclusion that the legislature intended and expressly provided that the department in its administrative capacity should have the power and duty to refund to a taxpayer money paid to it in excess of the amount justly due as a sales tax; and in view of the express and unqualified authority to refund money so paid, we think it is immaterial whether the tax payment was or was not made under protest. The statute which authorizes this administrative body to refund money paid in excess of any lawful sales tax does not condition such authority upon the payment having been made under protest. We have repeatedly held in substance it is a general rule that taxation statutes are to be construed liberally in favor of the taxpayer. In *Standard Oil Co.* v. *State of Michigan,* 283 Mich. 85, we quoted with approval from *Gould* v. *Gould,* 245 U. S. 151 (38 Sup. Ct. 53, 62 L. Ed. 211), the following:

" 'In the interpretation of statutes levying taxes, it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen.' "

To read into the statute (Act No. 167, § 9, Pub. Acts 1933) a requirement of payment under protest would be to insert a condition precedent to adjust-

ments by the appeal board of this character which the statute does not require. This we may not do. Our holding that the appeal board has the power to refund accords with the law of adjudicated cases and as stated by Justice Cooley.

"But no executive or ministerial officer has authority to refund taxes, *unless such authority is expressly conferred.*" 3 Cooley, Taxation (4th Ed.), § 1259.

It is further to be noted Act No. 122, § 9, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 3695–9, Stat. Ann. 1944 Cum. Supp. § 7.657 [9]), contains an express provision as to the stage of the proceedings before the appeal board at which payment under protest is required. It is therein provided that *after* hearing and determination by the appeal board: "In the event of the payment of said tax (at that time) under protest by the appellant and the filing of a claim against the State in the court of claims, if said court of claims gives judgment to the appellant for the return of the tax so paid under protest, or any part thereof, said judgment shall include the amount of the deposit as security for costs made by the appellant upon taking his appeal to the State board of tax appeals."

In holding that the department had the power, if it so determined, to credit excess payments against a subsequent tax or to repay them if requested by the taxpayer, we are mindful of appellant's contention that there was no "assessment" of these taxes by the department; but we think the provision in the act for an appeal by an aggrieved party from the department to the appeal board includes more than an appeal from "assessments." Act No. 122, § 7, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 3695–7, Stat. Ann, 1944 Cum. Supp. § 7.657 [7]),

provides: "Any person, firm or corporation aggrieved by any assessment, decision, or order of the department of revenue may  *  *  *  have an appeal from such assessment, decision or order to the State board of tax appeals." Clearly in the instant case the department made a decision (*Star Steel Supply Co.* v. *State of Michigan,* 290 Mich. 378), and an order (in effect at least) that the taxpayer was not entitled to a refund, and the statute gives the taxpayer the right of appeal from such decision or order. Further, on the hearing of such an appeal section 7 of the act expressly provides: "the State tax board of appeals shall make such assessment, decision or order as it shall find the department should have made in the first instance." Hence the appeal board was within its statutory powers when on appeal its decision and order was "that a refund is due the appellant (plaintiff herein)."

We are not in accord with the department's contention that jurisdiction to entertain and adjust a claim of the character involved in the instant appeal is vested solely and exclusively in the court of claims. In this particular the department relies upon the court of claims act as amended (Act No. 135, § 8, Pub. Acts 1939, as amended by Act No. 137, Pub. Acts 1941 [Comp. Laws Supp. 1943, § 13862–8, Stat. Ann. 1944 Cum. Supp. § 27.3548 (8)]), which reads:

"Except as provided in section 13 of this act (not here material), the jurisdiction of the court of claims as conferred upon it by this act over claims and demands in excess of $100 against the State or any of its departments, commissions, boards, institutions, arms or agencies, shall be exclusive. The court shall have power and jurisdiction:

"1.  To hear and determine all claims and demands liquidated and unliquidated, *ex contractu* and

*ex delicto,* against the State and any of its departments, commissions, boards, institutions, arms or agencies.''

Save for one immaterial correction, the above-quoted portion of the court of claims act was embodied in the original statute. Act No. 135, Pub. Acts 1939. Notwithstanding the above provision as to exclusive jurisdiction we are of the opinion that as embodied in the original court of claims act it should not be construed to override the later provision in the statute creating the department of revenue (Act No. 122, Pub. Acts 1941), wherein that administrative authority (including the appeal board) was given the powers and charged with the duties embodied in the general sales tax act, which by section 9 expressly vested in the administrative agency the power to credit against a subsequent tax or if requested by the taxpayer to refund moneys paid in excess of sales taxes lawfully due. And it may further be noted that this provision in section 9 of the original sales tax act was in substance embodied in the amendment to that act passed at the same session of the legislature but subsequent to the statute which created the court of claims. See Act No. 313, § 9, Pub. Acts 1939. This we deem to be a statutory provision for the adjustment of a transaction incident to a tax payment which (as against its own interest) the State had power to vest and did vest in this administrative agency. This legislation we think, is not in conflict with the statutory provision just above quoted and upon which appellant relies relative to the claim of exclusive jurisdiction in the court of claims.

The conclusion just above indicated is justified by the provisions limiting the jurisdiction of the court of claims as provided in Act No. 135, § 8, Pub. Acts 1939, as amended by Act No. 137, Pub. Acts 1941, from which we have quoted. As indicative of

the legislative intent, this section 8 contains the following:

"The court of claims shall not have jurisdiction of any claim for compensation. * * * This act (amended court of claims act) shall not be construed so as to deprive the circuit courts of this State of jurisdiction over actions brought by the taxpayer under the provisions of Act No. 167 of the Public Acts of 1933 or any other actions against State agencies based upon the statutes of the State of Michigan in such case made and provided, which expressly confer jurisdiction thereof upon the circuit courts, nor of proceedings to review findings as provided in Act No. 1 of the Public Acts of the Extra Session of 1936, *or any other similar proceedings* expressly authorized by the statutes of the State of Michigan in such case made and provided."

The above-italicized blanket clause is used in connection with the Michigan unemployment act, the title to which states in part its purpose is "to provide for appeals from decisions on claims for benefits, and for referees and an appeal board." We think the corresponding provisions embodied in the department of revenue act involved in the instant appeal are "similar proceedings expressly authorized by the statutes of the State of Michigan." Hence the statutory procedure provided for this administrative agency was not supplanted by the court of claims act.

While it is not essential to decision in the instant case, it may be noted that the department of revenue act contains alternative provisions for recourse to courts of proper jurisdiction in event a party deems himself aggrieved by the decision or order of the department or the appeal board.

Further, we are not in accord with appellant's contention that: "There is no such provision for the State to recognize and pay out any money from its

general fund on order of the State board of tax appeals." If we read into the department of revenue act, as we must, the pertinent provisions of the sales tax act, since the powers and duties embodied in this latter act have been transferred (see Act No. 122, § 13, Pub. Acts 1941) to the department of revenue, we find the following applicable statutory provision.

"In the event any taxpayer is found entitled to recover any sums paid pursuant to the orders of the board as hereinbefore provided, such sums shall be paid from the general fund of the State on the order of the board and warrant of the auditor general." Act No. 167, § 22, Pub. Acts 1933.

We think the above words, "pursuant to the orders of the board as *hereinbefore* provided," should be construed to include the provision in the preceding section 9 of this same act (Act No. 167, Pub. Acts 1933), which empowered the State board of tax administration to refund or repay the excess found due to a taxpayer, and that section 13 of the department of revenue act (Act No. 122, Pub. Acts 1941) vests this same power in the department of revenue. The order of the department in the instant case refusing to refund the excess sales tax was tantamount to a retention by it of money "paid pursuant to the orders of the" tax-collecting agency. *Star Steel Supply Co.* v. *State of Michigan, supra.* In any event by specific provision of the statute (Act No. 167, § 9, Pub. Acts 1933) both the department in the instant case and the State board of tax appeals have the power to credit against a subsequent sales tax such refund as the taxpayer may establish he is entitled to receive.

The judgment entered in the circuit court is affirmed and the case remanded to the circuit court to be certified to the department of revenue for

further proceedings therein. A public question concerning proper practice and procedure in the department of revenue being involved, no costs are awarded.

STARR, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.