LINDSAY ANDERSON SAGAR TRUST v DEPARTMENT OF
TREASURY

Docket No. 146832. Submitted February 8, 1994, at Lansing. Decided
March 8, 1994, at 9:10 a.m. Leave to appeal sought.

The Lindsay Anderson Sagar Trust brought an action in the
Court of Claims against the Department of Treasury, seeking
interest pursuant to MCL 205.30; MSA 7.657(30) on a refund of
taxes that were paid in error. The department contended that,
pursuant to one of its revenue administrative bulletins, interest
should accrue from forty-five days after the date on which the
department received from the trustee information that the
department required for determining the validity of the refund
claim. The trust contended that interest should accrue from
forty-five days after the date on which the trust filed the refund
claim. The court, Peter D. Houk, J., agreeing with the depart-
ment, granted summary disposition for the department. The
trust appealed by leave granted.

The Court of Appeals *held:*

MCL 205.30(3); MSA 7.657(30)(3) provides that interest on a
refund shall be added to the refund commencing forty-five days
after the claim is filed. The revenue administrative bulletin on
which the department relied is not consistent with the statute.

Reversed and remanded.

Taxation — Taxes Paid in Error — Refunds — Interest.

Interest on a refund of taxes paid in error to the Department of
Treasury accrues at the rate of 3/4 of one percent a month
commencing forty-five days after the claim of refund is filed
(MCL 205.30[30]; MSA 7.657[30][3]).

*Raymond & Dillon, P.C.* (by *Thomas J. Kenny*
and *Mark A. Aiello*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L.*

References
Am Jur 2d, State and Local Taxation §§ 611, 1068.
Right to interest on tax refund or credit in absence of specific
controlling statute. 88 ALR2d 823.

*Casey,* Solicitor General, and *Russell E. Prins* and *Ross H. Bishop,* Assistant Attorneys General, for the defendant.

Before: GRIFFIN, P.J., and CAVANAGH and H. A. KOSELKA,* JJ.

PER CURIAM. Plaintiff appeals by leave granted from an order of the Court of Claims granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10). We reverse.

The issue presented in this case is when does interest on a tax refund begin to accrue pursuant to MCL 205.30; MSA 7.657(30).

On May 18, 1989, Chemical Bank of New York, the trustee for plaintiff Lindsay Anderson Sagar Trust, wrote a letter to defendant Michigan Department of Treasury requesting a refund of $156,-961, which the trustee claimed had been erroneously paid. In December 1990, the department agreed to refund the $156,961, stating that interest would begin to accrue forty-five days after November 14, 1990, the date on which the trustee eventually provided the information requested by defendant for determining the validity of the claim.

Plaintiff brought suit in the Court of Claims to recover interest accruing from July 2, 1989, forty-five days after its original letter, through December 20, 1990, the date on which the refund was issued. The Court of Claims granted defendant's motion for summary disposition and dismissed the case. This appeal followed.

The primary objective of statutory interpretation is to determine and give effect to the intent of the Legislature. *Great Lakes Sales, Inc v State Tax Comm,* 194 Mich App 271, 275; 486 NW2d 367 (1992). Where the language of a statute is clear,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

there is no need for interpretation; the statute must be applied as written. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 208; 501 NW2d 76 (1993). Courts may not speculate about the probable intent of the Legislature beyond the words employed in the statute. *Nat'l Exposition Co v Detroit,* 169 Mich App 25, 29; 425 NW2d 497 (1988). The scope of tax laws generally will not be extended by implication or forced construction. When there is doubt, tax statutes are to be construed most strongly against the government. *F M Sibley Lumber Co v Dep't of Revenue,* 311 Mich 654, 660; 19 NW2d 132 (1945); *Comerica Bank-Detroit v Dep't of Treasury,* 194 Mich App 77, 92; 486 NW2d 338 (1992). The principle that a long-standing interpretation of a statute by the agency that administers it is entitled to great weight does not control when the interpretation is clearly wrong. *Murphy v Michigan,* 418 Mich 341, 348; 343 NW2d 177 (1984).

The relevant statute is MCL 205.30; MSA 7.657(30), which provides in part as follows:

> (1) The department shall credit or refund all overpayment of taxes, all taxes, penalties, and interest erroneously assessed and collected, and all taxes, penalties, and interest that are found unjustly assessed, excessive in amount, or wrongfully collected with interest at the rate of ¾ of 1% per month.
>
> (2) A taxpayer who paid a tax claimed not to be due may petition the department for refund of the amount paid . . . . If a tax return reflects an overpayment or credits in excess of the tax, the declaration of that fact on the return constitutes a claim for refund. If the department agrees the claim is valid, the amount of overpayment, penalties, and interest shall be first applied to any known liability . . . and the excess, if any, shall be refunded to the taxpayer . . . .

(3) A refund shall be certified to the state disbursing authority who shall pay the amount out of the proceeds of the tax in accordance with the accounting laws of the state. *Interest at the rate of ¾ of 1% per month shall be added to the refund commencing 45 days after the claim is filed,* or 45 days after the date established by law for the filing of the return, whichever is later . . . . [Emphasis added.]

The department's Revenue Administrative Bulletin 89-36 provides in part as follows:

*Credit or Refund Interest*
*Rate and Commencing Date of Interest.* Pursuant to the Michigan Revenue Department Act, MCL 205.30(2) [MSA 7.657(30)(2)], the Department will add interest on overpayments of taxes, penalties, interest and credits in excess of the tax due, at the rate of ¾ of 1 percent per month. Interest begins the later of 45 days after the claim for a refund is filed, or 45 days after the date established by law for the filing of the return. . . . *Period Suspended for Calculating Interest for Invalid Return.* A claim for a refund will be denied if the return does not contain sufficient information for the Department to determine the amount of a refund. A refund will be issued if the taxpayer supplies the required information necessary to process the return. . . . *Interest will not be applied to a refund until 45 days after the Department receives information sufficient to determine that the return is valid and that the claim for refund is correct.* [Citing MCL 205.30(3); MSA 7.657(30)(3); emphasis added.]

The Revenue Administrative Bulletin is not consistent with the statute as written. The statute clearly provides that, as long as the department determines that a claim for refund is valid, interest begins to accrue forty-five days after the claim

is filed. It does not provide that interest begins to accrue forty-five days after information sufficient to process the claim is received. That condition precedent, however reasonable, may not be read into the statute. *Sibley, supra* at 660-661; *Nat'l Exposition Co, supra; Comerica Bank, supra.*

The only possible ambiguity in the statute would be the question when a claim for refund is considered to be filed. The department appears to concede in this case that the claim was filed on May 18, 1989, the date of the letter requesting a refund. In other words, a claim is filed when defendant receives adequate notice of the claim. We believe that this interpretation is correct in light of the policy of construing tax statutes in favor of the taxpayer. *Sibley, supra* at 660; *Comerica Bank, supra.*

Accordingly, interest on the refund should have begun to accrue on July 2, 1989, which is forty-five days after May 18, 1989.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.