## NSK CORPORATION v DEPARTMENT OF TREASURY

Docket No. 274633. Submitted December 5, 2007, at Lansing. Decided January 29, 2008, at 9:05 a.m.

NSK Corporation brought an action in the Court of Claims against the Department of Treasury, seeking interest with regard to a refund of single business taxes that the defendant determined the plaintiff overpaid for the period of July 1, 1979, to December 31, 2002. The Court of Claims, Paula J. Manderfield, J., determined that interest was due on the overpayment, commencing 45 days after the due date of the tax return for each of the years in issue, and that additional statutory interest on that interest was due, accruing from November 23, 2005. The defendant appealed.

The Court of Appeals *held*:

1. The defendant was required, under MCL 205.30, to pay interest on the refund. That part of the order must be affirmed.

2. Interest must be paid on the refund regardless of whether the taxpayer discovers the overpayment and requests a refund or the department discovers the error.

3. The plaintiff was entitled to interest from 45 days after the defendant became aware of the overpayment, not from the date that the tax returns were due. That part of the trial court's order must be reversed and the matter must be remanded for a determination of interest starting 45 days after the date that the defendant sent the plaintiff an audit determination letter regarding the overpayment.

Affirmed in part, reversed in part, and remanded.

1. TAXATION — REFUNDS — INTEREST.

The Department of Treasury must pay interest on refunds of overpayments of taxes at the same rate as would be required for a taxpayer when making a late payment of taxes to the department; such interest must be paid by the department regardless of whether the taxpayer discovers the overpayment and requests a refund or the department itself discovers the overpayment; such interest commences 45 days after the department becomes aware of the overpayment (MCL 205.30[1]).

2. TAXATION — REFUNDS — INTEREST.

> The Department of Treasury must pay interest on refunds of overpayments of taxes, on refunds of taxes, penalties, and interest erroneously assessed and collected, and on refunds of taxes and interest that are found unjustly assessed, excessive in amount, or wrongfully collected (MCL 205.30[1]).

*Honigman Miller Schwartz and Cohn LLP* (by *June Summers Haas, Stewart Mandell,* and *Angela M. Brown*) for the plaintiff.

*Michael A. Cox,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Heidi L. Johnson-Mehney,* Assistant Attorney General, for the defendant.

Before: DAVIS, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM. Defendant appeals by leave granted the Court of Claims determination that plaintiff is entitled to interest on its overpayment of the single business tax to defendant. We affirm the award of interest to plaintiff on the refunded overpayment, but remand to the Court of Claims for a determination of the exact date in March 2005 when defendant became aware that a refund was due, and for entry of an order incorporating its finding on that issue and the resulting interest owed. We reverse the award of statutory interest on the interest awarded and, on remand, the order shall not include the previously awarded statutory interest (differentiated from interest awarded on the overpayment of taxes) accruing from November 23, 2005, until paid in full, because MCL 205.30(1) contemplates the payment of interest by defendant on interest a taxpayer has paid to it that was "unjustly assessed, excessive in amount, or wrongfully collected" and plaintiff made no interest payment to defendant.

In 2004, defendant Department of Treasury performed a single business tax audit of plaintiff for the tax period of July 1, 1997, to December 31, 2002. Defendant determined that plaintiff had overcalculated its tax liability on returns it had submitted, and had therefore overpaid its single business tax liability. Defendant concluded that plaintiff was entitled to a refund of $1,444,298. Defendant sent plaintiff an audit determination letter, informing it of the overpayment. Plaintiff responded by agreeing with the amount of the overpayment, but asserting that it was entitled to interest on the overpayment pursuant to MCL 205.30. Defendant disagreed, and this lawsuit followed. On plaintiff's later motion for summary disposition, the Court of Claims held that interest was due on the overpayment, commencing 45 days after the due date of the tax return for each of the years in issue. The Court of Claims further granted plaintiff additional statutory interest on the interest defendant was ordered to pay, accruing from November 23, 2005, until paid in full.

We review de novo a trial court's decision on a motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. *Lind v Battle Creek*, 470 Mich 230, 238; 681 NW2d 334 (2004). The trial court may grant summary disposition under MCR 2.116(C)(10) if, considering the substantively admissible evidence in a light most favorable to the nonmoving party, there is no genuine issue concerning any material fact and the moving party is entitled to judgment as a matter of law. *Lind, supra* at 238. Questions of statutory interpretation are also reviewed de novo. *Rohde v Ann Arbor Pub Schools*, 479 Mich 336, 343; 737 NW2d 158 (2007).

The first issue for resolution on appeal is whether plaintiff is entitled to interest on the refund for its single business tax overpayment. Defendant asserts that plaintiff is not entitled to interest on the refund because it never filed a claim to guarantee its right to interest if defendant did not refund the tax within 45 days, as required by the governing statute. We disagree.

MCL 205.30 provides, in pertinent part:

> (1) The department shall credit or refund an overpayment of taxes; taxes, penalties, and interest erroneously assessed and collected; and taxes, penalties, and interest that are found unjustly assessed, excessive in amount, or wrongfully collected with interest at the rate calculated under section 23 for deficiencies in tax payments.
>
> (2) A taxpayer who paid a tax that the taxpayer claims is not due may petition the department for refund of the amount paid within the time period specified as the statute of limitations in section 27a. If a tax return reflects an overpayment or credits in excess of the tax, the declaration of that fact on the return constitutes a claim for refund. If the department agrees the claim is valid, the amount of overpayment, penalties, and interest shall be first applied to any known liability as provided in section 30a, and the excess, if any, shall be refunded to the taxpayer or credited, at the taxpayer's request, against any current or subsequent tax liability.
>
> (3) The department shall certify a refund to the state disbursing authority who shall pay the amount out of the proceeds of the tax in accordance with the accounting laws of the state. Interest at the rate calculated under section 23 for deficiencies in tax payments shall be added to the refund commencing 45 days after the claim is filed or 45 days after the date established by law for the filing of the return, whichever is later.

Subsection 1 of the statute lists three situations in which defendant must issue a refund to a taxpayer. First, defendant must credit or refund a taxpayer for an

overpayment of taxes; second, defendant must credit or refund an overpayment of "taxes, penalties, and interest erroneously assessed and collected"; and third, defendant must credit or refund "taxes, penalties, and interest that are found unjustly assessed, excessive in amount, or wrongfully collected . . . ." MCL 205.30(1). Neither party denies that plaintiff overpaid its taxes or that defendant was obligated to refund plaintiff's overpayment of taxes.

Defendant asserts that subsection 3 of the statute, indicating that interest shall be added to a refund, applies only when a taxpayer requests a refund under subsection 2 and that because plaintiff did not request a refund, it is thus not entitled to interest on the refunded amount. However, subsection 1 of the statute provides that defendant must pay "interest at the rate calculated under section 23 for deficiencies in tax payments" on any overpayments. The primary goal of statutory construction is to ascertain and give effect to the intent of the Legislature. *People v Borchard-Ruhland,* 460 Mich 278, 284; 597 NW2d 1 (1999). If the plain and ordinary meaning of the statute is clear, judicial construction is not permitted. *Id.* The language of the interest clause in subsection 1 indicates that the clause applies to all three situations and does not make a refund contingent on the taxpayer's, as opposed to the department's, discovering the error and filing a claim. Clearly, then, the plain language of the statute requires defendant to pay interest on refunds of overpayments at the same rate as would be required for a taxpayer when making a late payment of taxes to defendant. The trial court did not err in concluding that defendant was required to pay interest on the refund.

However, a question still remains regarding the date from which the interest will run. The operative lan-

guage is as follows: "Interest at the rate calculated under section 23 for deficiencies in tax payments shall be added to the refund commencing 45 days after the claim is filed or 45 days after the date established by law for the filing of the return, whichever is later. MCL 205.30(3)."

While plaintiff asserts that because it did not file a "claim," interest began to accrue, by default, 45 days after each return was due to be filed, we do not adhere to such a strict interpretation of the term "claim." In *Lindsay Anderson Sagar Trust v Dep't of Treasury*, 204 Mich App 128, 132; 514 NW2d 514 (1994), the plaintiff's trustee wrote a letter to the defendant on May 18, 1989, requesting a refund of taxes that it found it had erroneously paid. *Id.* at 129. The defendant agreed with the trustee and proposed to issue a refund along with interest, which the defendant determined would begin to accrue 45 days after November 14, 1990, the date on which the trustee had provided information to the defendant that it had requested in order to determine the validity of the claim. *Id.* The plaintiff objected and sued, claiming that interest should have begun to accrue 45 days from the date of its original letter to the defendant. *Id.* This Court determined that for purposes of MCL 205.30, a claim is filed when the Department of Treasury receives adequate notice of the claim and ultimately held that the interest would accrue starting 45 days from the date of the May 1989 letter. Thus, as construed by the *Sagar* Court, the date on which the claim was filed seems to reference the date on which defendant was made aware of plaintiff's claim to a refund.

Moreover, the application encouraged by plaintiff (the accrual period defaults to the due date of the tax return if the taxpayer did not file a claim for a refund)

would lead to an absurd result. Specifically, where the taxpayer discovers the error and makes a request for a refund, the interest is limited to starting 45 days after the request is made. However, where the taxpayer makes the initial error, fails to discover it or take any action to correct it, and the department discovers it, the taxpayer is entitled to interest from the due date of the return. In essence, the taxpayer is rewarded for not taking steps to correct its own error and the state is punished for bringing the taxpayer's error to the taxpayer's attention.

Here, defendant was aware that plaintiff was entitled to a refund after defendant conducted its audit. Accordingly, the Court of Claims erred in concluding that plaintiff was entitled to interest from the filing date of the relevant tax returns rather than from 45 days after the date defendant became aware of the overpayment. Interest should instead accrue starting 45 days from the date of defendant's audit determination letter in March 2005. Because there is no indication of the exact date that defendant issued the letter, this matter is remanded to the Court of Claims for a determination of the precise date in March 2005 when the audit determination letter was issued and for the entry of an order that bases the accrual of interest on that date.

Next, we address whether additional statutory interest is due on the interest that the trial court ordered defendant to pay plaintiff. We conclude that it is not.

MCL 205.30(1) mandates that interest be paid on all refunds:

> The department shall credit or refund an overpayment of taxes; taxes, penalties, and interest erroneously assessed and collected; and taxes, penalties, and interest that are found unjustly assessed, excessive in amount, or wrong-

fully collected with interest at the rate calculated under section 23 for deficiencies in tax payments.

Each clause in subsection 1 of the statute describes a different situation in which a taxpayer is entitled to a refund and interest on that refund, as previously discussed. However, this provision of the statute does not award statutory interest on interest awarded by the court, as plaintiff argues. Rather, read in context, all three situations listed in subsection 1 of the statute imply that a payment has been made. The statute provides that defendant must pay interest on interest payments that have been made to it by the taxpayer that were "unjustly assessed, excessive in amount, or wrongfully collected . . . ." Plaintiff was not assessed any interest or penalties on its tax returns for the years audited; thus, this portion of the statute is not applicable to the situation. Although plaintiff is entitled to interest on its overpayment, the statute does not further contemplate an award of interest on that interest. We thus reverse that part of the order and remand this matter to the Court of Claims for entry of a new order that does not include statutory interest on the interest on the overpayment.[1]

Affirmed in part, reversed in part, and remanded to the Court of Claims for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[1] Plaintiff alternatively asserts that if interest is not due under MCL 205.30, then interest on the interest ordered to be paid by defendant on the overpayment is due under the judgment interest provision of the Revised Judicature Act, MCL 600.6455. Because the parties stipulated at the hearing on defendant's motion objecting to entry of the order that MCL 205.30 of the revenue act was the controlling provision with respect to interest, and because plaintiff did not raise this argument below, we decline to address it on appeal. *Adam v Sylvan Glynn Golf Course*, 197 Mich App 95, 98; 494 NW2d 791 (1992).