*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

INTERNATIONAL AUTOMOTIVE
COMPONENTS GROUP NORTH AMERICA,
INC.,

        Plaintiff-Appellant,

UNPUBLISHED
January 19, 2023

v

DEPARTMENT OF TREASURY,

        Defendant-Appellee.

No. 360602
Court of Claims
LC No. 21-000189-MT

Before: JANSEN, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right the Court of Claims order granting summary disposition in defendant's favor. We affirm.

Plaintiff is an automotive interior components and systems supplier. On November 13, 2007, it was awarded a Michigan Economic Development Corporation (MEGA) employment tax credit under the Michigan Business Tax Act, MCL 208.1101 *et seq.* The employment tax credit was thereafter extended in April 2008 for qualified jobs through the 2018 tax year.

In 2012, Michigan replaced the Michigan Business Tax (MBT) with the Corporate Income Tax (CIT). 2011 PA 38, effective January 2012; *D'Agostini Land Co LLC v Dept of Treasury*, 322 Mich App 545, 550; 912 NW2d 593 (2018). However, the Legislature recognized that businesses (such as plaintiff) may have tax credits that were awarded to them under the MBT and saw fit to ensure that the businesses would not have to lose out on those tax credits. Thus, it did not immediately repeal the MBT, but instead enacted provisions permitting businesses with tax credits to continue to file MBT returns until they had used up all of the credit that had been awarded them. MCL 208.1500; MCL 206.680. In order to take advantage of these provisions, businesses had to use a specific formula set forth by the Legislature to determine the amount of its tax liability. The formula, at its most basic, requires the business using up its tax credits (and thus filing an MBT return) to calculate both the amount of its tax liability under the MBT and the amount that

its tax liability would be if the business filed its taxes under the CIT; the business's tax liability would be the greater of the two amounts. MCL 208.1500(4).

Plaintiff filed MBT tax returns claiming a MEGA Employment tax credit for tax years 2008-2011. When the CIT became effective for tax year 2012, plaintiff chose to pay the "greater of" tax as calculated under MCL 208.1500(4) for the tax years 2012 through 2018, when its MEGA credits were exhausted.

According to plaintiff, for tax year 2019, it filed its first CIT return and claimed a business loss carryforward in the amount of $12,826,381. Defendant denied the requested business loss carryforward. Plaintiff timely appealed the denial and informal conference proceedings were held on June 15, 2021. Defendant issued a decision and order of determination on July 9, 2021, denying plaintiff's request for the business loss carryforward. Plaintiff appealed the decision to the Court of Claims.

In lieu of answering plaintiff's complaint, defendant moved for summary disposition in its favor. Citing MCR 2.116(C)(8) and (10), defendant asserted that the CIT does not allow taxpayers to claim CIT business losses from a preceding tax year in which they did not file a CIT return. According to defendant, plaintiff had no actual CIT business losses from 2018 because plaintiff did not file a CIT return in 2018; it filed an MBT return. A CIT business loss carryforward is not the same as an MBT business loss carryforward and, as a result, an MBT business loss carryforward cannot be claimed as a deduction on a CIT return.

Plaintiff responded that a taxpayer, to keep receiving the benefit of tax credits it was awarded under the MBT, pays the greater of the liability computed under each tax. Thus, the taxpayer is essentially subject to *both* taxes, with a credit for the lesser tax being given against the greater tax. Plaintiff claimed that it was required to pay the higher of the MBT or calculated CIT tax for each year it filed an MBT return and, in fact, paid the calculated CIT amount (as it was higher) in four of the seven preceding years. Plaintiff also calculated both the MBT and CIT business losses and tracked the carryforward amounts for every tax year during 2012 through 2018 as the "greater-of" return tax forms prescribed and claimed the calculated CIT business loss carryforward on its 2019 CIT return.

The Court of Claims opined that when a taxpayer makes an election to file returns under the MBT after the CIT replaced it (in order to retain any MEGA credits), the MBT specifically requires the taxpayer to also compute tax liability under the CIT as if it were subject to the CIT. But, in such scenario, the taxpayer is not actually subject to taxation under the CIT. The taxpayer makes the CIT calculation only to determine which tax liability (MBT or CIT) is greater. The court further opined that there is no provision in the CIT for claiming business losses that occurred in previous years in which the taxpayer filed under the MBT. Indeed, the CIT defines "business loss" in a way that directs the reader to the CIT, and not to any other act. Consequently, the term "business loss" under the CIT is a loss that is to be determined after calculations—allocation and apportionment—that are to be performed under the CIT, not under the MBT or some other act. The court thus granted summary disposition in defendant's favor under MCR 2.116(C)(8). This appeal followed.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Veenstra v Washtenaw Country Club*, 466 Mich 155, 159; 645 NW2d 643 (2002). A motion under MCR 2.116(C)(8) "tests the legal sufficiency of the complaint solely on the basis of the pleadings," *Dalley v Dykema Gossett*, 287 Mich App 296, 304; 788 NW2d 679 (2010), and permits a court to grant summary disposition if "[t]he opposing party has failed to state a claim on which relief can be granted." MCR 2.116(C)(8). "When deciding a motion under (C)(8), this Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party. *Dalley*, at 304-305. "Summary disposition on the basis of subrule (C)(8) should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *Id*. at 305 (quotation marks and citation omitted).

The sole issue for our review is, in a nutshell, may a taxpayer transitioning from the MBT to the CIT claim prior losses calculated and submitted under the MBT as business losses to the first tax return it files under the CIT? We find that the taxpayer may not.

We begin our statutory analysis with the wording of the statute itself, because the Legislature is presumed to understand the meaning of the language it enacts into law. *Robinson v City of Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000). As stated by our Supreme Court:

> When interpreting statutory language, our obligation is to ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute. *Wickens v Oakwood Healthcare System*, 465 Mich 53, 60; 631 NW2d 686 (2001). When the Legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself, and judicial construction is not permitted. *Huggett v Dep't of Natural Resources*, 464 Mich 711, 717; 629 NW2d 915 (2001). [*Koontz v Ameritech Services, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002)]

"Because the proper role of the judiciary is to interpret and not write the law, courts simply lack authority to venture beyond the unambiguous text of a statute." *Id*.

However, if an ambiguity exists judicial construction is appropriate. *Colucci v McMillin*, 256 Mich App 88, 94; 662 NW2d 87 (2003). "An ambiguity can be found only where the language of a statute as used in its particular context has more than one common and accepted meaning." *Id*. In determining whether an ambiguity exists, a court should presume that every word has some meaning and should avoid any construction which would render a statute, or any part of it, surplusage or nugatory. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 470; 521 NW2d 831 (1994).

As previously indicated, when the MBT was replaced with the CIT in 2012, a provision was in place allowing businesses to maintain their awarded tax credits by paying the "greater of" calculated tax liability and filing an MBT tax return. The specific provision in the MBT, MCL 208.1500, states in relevant part:

> (1) Except as otherwise provided in this section, a taxpayer described under section 117(5)(a)[] or under section 680 of the income tax act of 1967, 1967 PA 281, MCL 206.680, that voluntarily elects for the taxpayer's first tax year ending after December 31, 2011 to file a return and pay the tax imposed by this act in order to

claim a certificated credit or any unused carryforward for that tax year shall continue to file a return and pay the tax imposed under this act for each tax year thereafter until that certificated credit and any carryforward from that credit is used up. Except as otherwise provided under subsection (7), if a person awarded a certificated credit is a member of a unitary business group, the unitary business group, and not the member, shall file a return and pay the tax, if any, under this act and claim the certificated credit. Except as otherwise provided under subsection (7), if the taxpayer that elects to file a return and pay the tax imposed by this act in order to claim a certificated credit or any unused carryforward of that credit for that tax year is a unitary business group, the return filed by the unitary business group shall include all persons included in the unitary business group regardless of whether that person is incorporated. . . .

***

(4) For tax years that begin after December 31, 2011, a taxpayer's tax liability under this act, after application of all credits, deductions, and exemptions, shall be the greater of the following:

(a) The amount of the taxpayer's tax liability under this act, notwithstanding the calculation required under this section, after application of all credits, deductions, and exemptions and any carryforward of any unused credit as prescribed in this act.

(b) An amount equal to the taxpayer's tax liability as computed pursuant to part 2 of the income tax act of 1967, 1967 PA 281, MCL 206.601 to 206.699, after application of all credits, deductions, and exemptions under part 2 of the income tax act of 1967, 1967 PA 281, MCL 206.601 to 206.699, as if the taxpayer were subject to the tax imposed under part 2 of the income tax act of 1967, 1967 PA 281, MCL 206.601 to 206.699, less the amount of the taxpayer's certificated credits, including any unused carryforward of a certificated credit, that the taxpayer was allowed to claim for the tax year under this act. However, in calculating the amount under this subdivision, the following apply:

(*i*) A taxpayer described under section 117(5)(a) shall not include a deduction for any business loss under section 623(4) of the income tax act of 1967, 1967 PA 281, MCL 206.623, for any prior year in which the taxpayer was not subject to the tax levied under this act.

(*ii*) A taxpayer shall not include any nonrefundable certificated credit to the extent that credit exceeds the taxpayer's tax liability. Any nonrefundable credit remaining after application of the limitation in this subparagraph may be carried forward.

(*iii*) For a taxpayer that is a partnership or subchapter S corporation, business income includes payments and items of income and expense that are attributable to business activity of the partnership or S corporation and separately reported to the members.

We first note that, contrary to plaintiff's argument, plaintiff is not subject to both the MBT and CIT with a setoff of the lower calculated tax liability amount against the greater. The MBT specifically states that in determining its appropriate tax liability, a business in plaintiff's position is to first compute its tax liability under the MBT: "The amount of the taxpayer's tax liability under this act . . . ." MCL 208.1500(4)(a). This is an actual amount of tax liability, given that plaintiff and others in its position would be filing a tax return under the MBT. In fact, the CIT provides, at MCL 206.680(4) that "A taxpayer that elects to pay the tax imposed by the Michigan business tax act, 2007 PA 36, MCL 208.1101 to 208.1601, under this section is not required to file an annual return under this part."

The MBT then directs the business to calculate what its tax liability *would have been* under the CIT "*as if the taxpayer were subject* to the tax imposed under part 2 of the income tax act of 1967, 1967 PA 281, MCL 206.601 to 206.699." MCL 208.1500(4)(b). Again, the business (plaintiff) is not *actually* subject to the CIT tax liability. Clearly the tax liability calculation method under the MBT and the tax liability calculation method under the CIT are different, because the two calculations end up with differing liability amounts. Plaintiff is required to pay the higher of the two calculated tax liability amounts, but this does not mean that one is set off or credited against the other. Instead, the Legislature sought to create a "bridge" from the MBT to the CIT, understanding that at some point (when its previously awarded tax credits were used up), the business would have to fully transition to the CIT and file tax returns under the CIT rather than the MBT. That plaintiff was required to pay the higher calculated amount (which was sometimes the hypothetical amount calculated under the CIT) was a tradeoff for keeping the benefit of its previously awarded tax credits and filing under the MBT, and part of that "bridge." Moreover, plaintiff *chose* to file under the MBT from 2012 through 2018, knowing the requirements, benefits, and potential tradeoff. It must have believed that filing under the MBT and keeping the tax credit would be more beneficial to it over the years.

Nonetheless, plaintiff argues that no provision in either the MBT or CIT *precludes* it from carrying forward a business loss, as calculated in its "greater of" 2018 MBT return to its 2019 CIT return. Defendant, on the other hand, claims that no provision can be found in the MBT or CIT *allowing* for the business losses calculated under the MBT to be carried forward as losses on a CIT return.

The CIT states, at MCL 206.680:

(1) Notwithstanding any other provision of this part, except as otherwise provided in subsection (2) for a certificated credit under section 435 or 437 of the Michigan business tax act, 2007 PA 36, MCL 208.1435 and 208.1437, or in subsection (5) for a certificated credit under section 431 of the Michigan business tax act, 2007 PA 36, MCL 208.1431, a taxpayer that has been approved to receive, has received, or has been assigned a certificated credit that has not been fully claimed or paid prior to January 1, 2012 may, for the taxpayer's first tax year ending after December 31, 2011 only, elect to file a return and pay the tax imposed by the Michigan business tax act, 2007 PA 36, MCL 208.1101 to 208.1601, in lieu of the tax imposed by this part. An election under this subsection shall continue for the period prescribed in section 500(1) of the Michigan business tax act, 2007 PA 36, MCL 208.1500.

(2) A taxpayer with a certificated credit under section 435 or 437 of the Michigan business tax act, 2007 PA 36, MCL 208.1435 and 208.1437, which certificated credit may be claimed in a tax year ending after December 31, 2011 may elect to pay the tax imposed by the Michigan business tax act, 2007 PA 36, MCL 208.1101 to 208.1601, in the tax year in which that certificated credit or any unused carryforward may be claimed in lieu of the tax imposed by this part.

The CIT further provides:

(1) Except as otherwise provided in this part, there is levied and imposed a corporate income tax on every taxpayer with business activity within this state or ownership interest or beneficial interest in a flow-through entity that has business activity in this state unless prohibited by 15 USC 381 to 384. The corporate income tax is imposed on the corporate income tax base, after allocation or apportionment to this state, at the rate of 6.0%.

(2) The corporate income tax base means a taxpayer's business income subject to the following adjustments, before allocation or apportionment, and the adjustment in subsection (4) after allocation or apportionment . . .

\*\*\*

(4) Deduct any available business loss incurred after December 31, 2011. As used in this subsection, "business loss" means a negative business income taxable amount after allocation or apportionment. . . . The business loss shall be carried forward to the year immediately succeeding the loss year as an offset to the allocated or apportioned corporate income tax base, then successively to the next 9 taxable years following the loss year or until the loss is used up, whichever occurs first. [MCL 206.623(4)]

As indicated above, in calculating its actual tax liability under the CIT, as plaintiff was to do for the first time for the 2019 tax year, any available business loss incurred after December 31, 2011 was to be deducted. The CIT, however, specifically defines "business loss" and further directs that "the business loss shall be carried forward to the year immediately succeeding the loss year as an offset to the allocated or apportioned *corporate income tax base*, then successively to the next 9 taxable years . . . ." MCL 206.623(4) (emphasis added). The language in the above statute clearly contemplates a corporate income tax base, which is only provided for in the CIT.

The MBT, in contrast, contemplates and uses a *business income tax base* which contains some different additions and deductions than those in the corresponding CIT statute (MCL 206.623). In the MBT, at MCL 208.1201, it is stated:

(1) Except as otherwise provided in this act, there is levied and imposed a business income tax on every taxpayer with business activity within this state unless prohibited by 15 USC 381 to 384. *The business income tax is imposed on the business income tax base*, after allocation or apportionment to this state, at the rate of 4.95%.

-6-

(2) The *business income tax base* means a taxpayer's business income subject to the following adjustments, before allocation or apportionment, and the adjustments in subsections (5), (6), and (7) after allocation or apportionment:

\*\*\*

(5) Deduct any available business loss incurred after December 31, 2007. As used in this subsection, "business loss" means a negative business income taxable amount after allocation or apportionment. . . . *The business loss shall be carried forward to the year immediately succeeding the loss year as an offset to the allocated or apportioned business income tax base*, then successively to the next 9 taxable years following the loss year or until the loss is used up, whichever occurs first, but for not more than 10 taxable years after the loss year. [MCL 208.1201 (emphasis added)]

Thus, in order to deduct a loss incurred after December 31, 2011 on a CIT return, one must have a CIT tax base. The CIT tax base is calculated differently than an MBT tax base. See MCL 208.1201 and MCL 206.623. Because plaintiff did not previously file taxes under the CIT, it had no CIT tax base prior to filing its returns for the 2019 tax year; it only had an MBT tax base. And because it had no CIT tax base, there were no CIT losses prior to the 2019 tax year. Presumably, once plaintiff has filed its 2019 tax return under the CIT, it will thereafter have a CIT tax base and could claim any business loss suffered in 2019 on its 2020 CIT tax return.

Plaintiff suggests that because there is no language in either the MBT or CIT specifically *precluding* plaintiff from carrying forward its business loss in the manner in which it seeks, it must be *permitted* the carryforward business loss on its CIT tax return. However, we do not find that which the Legislature does not prohibit, it impliedly permits. See, e.g., *City of Detroit v Qualls*, 434 Mich 340, 364; 454 NW2d 374 (1990) (rejecting such a rationale when addressing a potential conflict between an ordinance and a statute).

Moreover, "[n]othing will be read into a statute that is not within the manifest intention of the Legislature as gathered from the act itself." *Evans v Hebert*, 203 Mich App 392, 404; 513 NW2d 164 (1994). "Courts may not speculate about the probable intent of the Legislature beyond the words employed in the statute." *Lindsay Anderson Sagar Trust v Dep't of Treasury,* 204 Mich App 128, 130; 514 NW2d 514 (1994). This Court's duty is only to interpret a statute as it exists. See *Morgan v Taylor,* 434 Mich 180, 192; 451 NW2d 852 (1990). Because the statues at issue do not contain language that precisely and specifically either permits or precludes plaintiff to carryforward its business loss in the manner in which plaintiff seeks to, this Court is precluded from speculating regarding the probable intent of the Legislature beyond the words employed by the statute. The Legislature here employed language in the CIT that supports a finding that a business loss calculated on an MBT tax base and used on MBT tax returns cannot carryforward on a CIT tax return in which a CIT tax base is used. Had the Legislature intended to permit plaintiff's

claimed carryforward, it could have easily specified so in either the MBT or CIT. That it did not do so defeats plaintiff's claim.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael F. Gadola